Cr. R. 54, 268 S. W. 156; Reynosa v. State, 100 Tex. Cr. R. 218, 272 S. W. 452; and other cases collated in Vernon's Ann. Tex. P. C. 1925, under article 671, pp. 471, 472, and the 1930. Supplement thereto, page 46. See, also, Louis v. State, 102 Tex. Cr. R. 440, 278 S. W. 205; Jackson v. State, 103 Tex. Cr. R. 258, 280 S. W. 836; Johnson v. State, 112 Tex. Cr. R. 528, 17 S.W.(2d) 1074; Ratliff v. State (Tex. Cr. App.) 25 S.W.(2d) 343.

The motion for rehearing is overruled.

## GOODMAN v. STATE.
### No. 14259.

Court of Criminal Appeals of Texas.

June 3, 1931.

Wright Stubbs, of Austin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for theft; punishment, two years in the penitentiary.

Appellant complains of the fact that the court, in charging upon the burden of proof in regard to a suspended sentence, told the jury that the burden was upon appellant to show by a preponderance of the testimony that he was entitled to such suspended sentence. If the charge of the court as prepared prior to the time of the taking of appellant's exception contained any such statement, it was eliminated. The charge as it appears in the record contains no reference to the preponderance of proof. The charge as it appears in the record is a correct statement of the law.

Appellant pleaded guilty to the theft in question. He complains by two bills of exception of the admission of testimony regarding the finding of different number plates in the alleged stolen car when it was recovered from his possession; also of the fact that he was seen to drive in the alleged stolen car to another car which was parked in front of the residence of the witness, and from said parked car appellant was seen to take his coat and hat and transfer them to the alleged stolen car. These matters seem proper in the development of the transaction. The car which was parked in front of the residence of Mr. Todd, the witness referred to, show evidence of having been in a wreck. This car was later carried by the officers to the city hall, where it was put in the automobile pound, and was later claimed by a representative of an automobile insurance company who testified that the car bore a Houston number. The state undertook to show whose car this was, and, upon objection of appellant, was not permitted to so show.

Appellant complains of the argument of the district attorney wherein he asked the jury why they should give this boy a suspended sentence when in other cases men had been given long penitentiary sentences for theft of articles not valued as much as this car. The bill of exception presenting this complaint sets out that a number of the jurors who sat upon the trial of this case had also sat during the same week upon the case of another man who had been given four years in the penitentiary upon a plea of guilty to burglary and theft. It would appear very questionable indeed whether the state's attorney had the right to make an argument based upon facts transpiring relative to other cases which had been tried during the week by the same jurors and to use these happenings as the basis for an appeal to said jury to refuse appellant the benefit of a suspended sentence.

Another bill of exception complains of the argument of the state's attorney in saying to the jury: "It looked funny that the defendant's attorney would not allow me to show who actually owned the car." This bill sets out that the state's attorney had attempted to show that defendant had stolen another car beside the one involved in the case upon trial, and that, as a part of its effort to show that appellant had come to a point near the home of witness Todd in another car which he had stolen, the state's attorney had attempted to prove who was the owner of said car parked near the residence of Mr. Todd, and, upon objection, the testimony had been excluded. We are of opinion that appellant's right to a suspended sentence cannot be defeated by proof of his connection with other and independent thefts from the

one involved in the case on trial. It appears probable that the jury declined to give to this young man the benefit of the suspended sentence because of such proof.

■ Another bill complains of the refusal of a special charge in which appellant sought to have the jury told that they should disregard the testimony tending to show that appellant was in possession of another and different car, supposed to have been stolen or had been in possession of another and different car from the one alleged to have been stolen in this case. In view of the fact that appellant had pleaded guilty to this theft, and that there could be no purpose apparently in showing him connected with another stolen car other than an effort to defeat his application for a suspended sentence, we are of opinion that the substance of this charge should have been given to the jury.

For the errors mentioned, the judgment will be reversed and the cause remanded.