ELMON WILLIAMS V. STATE.

No. 24189. December 8, 1948.

Hon. J. Pat Corrigan, Judge Presiding.

*Creighton & Creighton,* by *J. R. Creighton,* of Mineral Wells, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appellant pleaded guilty before a jury to unlawfully possessing whisky for the purpose of sale in a dry area. Punishment was assessed at a fine of $250.00 and three months in jail.

The information contains no allegation of prior convictions for offenses of like character for the purpose of enhancing the punishment.

The State proved that as a result of a search of appellant's residence there was found therein forty pints of whisky. The county where the residence was situated was a dry area, within the meaning of the Liquor Control Act. This testimony made a prima facie case and established guilt, notwithstanding the plea of guilty.

In addition to the foregoing, the State proved that appellant had been, on two prior occasions, convicted of violations of the liquor law.

To the introduction of this testimony appellant objected. The trial court, in approving the bills of exception, says that the testimony was admitted by him upon the issue of intent or purpose for which it was alleged in the information that appellant possessed the whisky.

The question as to the receipt in evidence of proof of the commission by one accused of crime of other and extraneous offenses has been many times before this court. Our latest expression thereon will be found in Daniel v. State, 212 S. W. (2d) 637, in which the prior decisions of this court were again re-viewed. We there re-affirmed the rule announced, earlier, in the case of Gray v. State, 77 Tex. Cr. R. 221, 178 S. W. 337, 342, as follows:

"On the other hand, it seems to be the well-settled rule in this state, when the evidence adduced on the trial leaves no question as to intent of the accused in doing the act complained of, proof of other offenses, even though of similar character and kind, is not admissible on the issue of intent."

The rule stated is applicable and controlling in the instant case. Here, appellant offered no defense; he made no claim that his possession of the whisky was lawful or for his own use and not for the purpose of sale. To the contrary, he pleaded guilty to the accusation, thereby admitting the truth of the allegations contained in the information.

Proof of the prior convictions should not have been received in evidence. It must be remembered that it is the policy of our law that one accused of crime is to be tried for and upon the accusation against him. Proof of the commission by him of other and extraneous crimes becomes admissible only as an exception to that rule. While it is true that in the instant case the statute makes the intent with which the whisky is possessed an issue, this fact, alone, is not sufficient to authorize proof of other crimes as tending to establish the intent charged. The issues arising under the facts control when such testimony should be admitted.

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the Court.