LLOYD EDMOND BOWLES V. STATE

No. 25453. November 14, 1951.
Rehearing Denied January 9, 1952.

Hon. Fred Erisman, Judge Presiding. (Sitting for Hon. Henry King.)

*James H. Martin,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Charles S. Potts,* Assistant Criminal District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted of the offense of rape by force, threats and fraud. The sentence is ten years in the penitentiary.

Notice of appeal was given on March 10, 1951. The statement of facts and bills of exception were filed on June 4, 1951. We find no order authorizing an extension beyond the thirty days allowed at the time for filing the bills of exception, consequently we are unable to consider the several bills of exception in the record.

The story as told by the prosecuting witness detailed a horrible experience and the outrageous conduct of the accused, together with two other boys, with prosecutrix and her girl companion. Appellant took the witness stand in his own behalf and told an entirely different story which if believed by the jury, called for a verdict of not guilty. The jury found in favor of the testimony of the prosecuting witness and against the appellant. We have no power to set such finding aside.

In the absence of bills of exception for our consideration, we find no reversible error and the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

It appearing that the order entered by the trial court on

March 10, 1951, extending the time for filing bills of exception, was omitted from the transcript through clerical error, and that the omission has been supplied by proper supplement, appellant's bills of exception will now be considered.

A further statement of the evidence is deemed proper.

According to the testimony of prosecutrix and her girl companion, they were taken by appellant, Connally and Hendon to a field on the outskirts of Dallas, and were there each assaulted and ravished by the three men in turn. The condition of the girls is described in the testimony, their injuries including a black eye, bruises, scratches and abrasions of the face, legs and arms. Prosecutrix had a broken jaw, and the doctor found evidence of recent sexual intercourse. The girls reported the matter immediately upon contacting their parents.

Bill of Exception No. 1 complains that the assistant district attorney, in his opening argument to the jury, called on appellant's counsel to explain why they had not put Hendon and Connally on the stand.

The trial judge, recognizing these co-actors to be incompetent witnesses for the defense, promptly stopped the assistant district attorney and instructed him that the argument was improper, and then upon appellant's objection and motion instructed the jury that the argument was not proper, and that they should disregard the same completely. The assistant district attorney also requested the jury to disregard the argument, and no further reference to the matter was made.

, In view of the prompt action of the trial court, the argument is not deemed of such a prejudicial nature as to require reversal. See Clayton v. State, 139 Tex. Cr. R. 86, 138 SW(2) 1084.

Bill of Exception No. 7 complains that the girl companion of prosecutrix was permitted to testify that Connally assaulted and had intercourse with her on the occasion, by force and against her will, and Bill of Exception No. 8 complains that this witness was permitted to testify that after appellant had had intercourse with prosecutrix, and after Connally had ravished her, that appellant also attacked and had sexual relations with the witness by force.

We agree with the trial court that all of such acts of appel-

lant and his co-actors during this continuous transaction were admissible as a part of the res gestate.

All of the facts and circumstances surrounding the commission of the offense are admissible and may be considered by the jury not only on the question of guilt, but in determining the punishment to be assessed. See Sims v. State, (Page 297 of this volume), 240 S.W. (2d) 297, 301 and cases cited.

Other bills have been considered and as qualified, no reversible error is found.

Appellant's motion for rehearing is overruled.

Opinion approved by the court.