JACK AUSTIN BILLS V. STATE.

No. 30,767. June 24, 1959.
Motion for Rehearing Overruled October 21, 1959.

WOODLEY, Judge, Concurred.

DAVIDSON, Judge, Dissented.

*McKool & Bader*, by *Mike McKool*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, Dallas, and *Ben F. Ellis, Merle Flagg*, Assistants District Attorney, Dallas, and Leon Douglas, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for sodomy; the punishment, 15 years.

Appellant entered a plea of guilty before a jury and filed application for a suspended sentence.

At the trial the prosecuting witness named in the indictment, who was an eleven-year-old boy, testified that on the night in question he went with the appellant and two other boys to a drive-in theatre where they parked in a station wagon on the third row from the back; that he went to the concession stand with one of the boys and when they returned the appellant and the other boy were in the back of the station wagon; that, at appellant's request, he then got in the back where appellant committed an act of sodomy upon him, after which he returned

to the front seat and the boy who had accompanied him to the concession stand got in the back with appellant.

Appellant's written confession was introduced in evidence in which he admitted taking the prosecuting witness and the other two boys to the drive-in theatre on the night in question and further admitted that he committed an act of sodomy upon the prosecuting witness and upon one of the other boys.

As a witness in his own behalf, appellant testified in support of his application for a suspended sentence that he had never been convicted of a felony and admitted that the statements contained in his written confession were true.

Appellant predicates his appeal upon the contention that the court committed reversible error in admitting evidence before the jury, over his objection, of other crimes and offenses which did not relate to the offense charged against him and that the prosecuting attorney committed reversible error in referring to such other crimes and offenses in his argument to the jury.

It is first insisted that the court erred in overruling appellant's motion, made at the beginning of the trial, requesting the court to instruct state's counsel not to elicit any testimony pertaining to any crimes or offenses other than those which related directly to the charge against appellant. In overruling the motion, the court did not err as a motion to suppress evidence is not a recognized procedure in this state. Dominguez v. State, 161 Texas Cr. Rep. 124, 275 S.W. 2d 677, and Williams v. State, 164 Texas Cr. Rep. 347, 298 S.W. 2d 590.

A careful examination of the record reflects that the only evidence admitted by the court of any extraneous crime or offense committed by appellant was the evidence of appellant's acts and conduct on the night in question in getting in the back of the station wagon with the other two boys who were with the prosecuting witness and committing an act of sodomy upon one of them. Such acts and conducts were a part of the res gestae of the offense charged and the evidence thereof was admissible. 18 Texas Jur. par. 39, page 77; Bowles v. State, 156 Texas Cr. Rep. 548, 244 S.W. 2d 811; Gephart v. State, 157 Texas Cr. Rep. 414, 249 S.W. 2d 612, and Botello v. State, 161 Texas Cr. Rep. 207, 275 S.W. 2d 814.

The argument of state's counsel, of which appellant complains, was clearly in reference to the appellant's association with

the three boys who were with him on the night in question and to the families of the prosecuting witness and the other boy upon whom he committed the acts of sodomy. The argument was warranted by the evidence and did not infer that appellant had committed other crimes or offenses upon boys other than those present on the occasion when the offense was committed upon the injured party.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.

WOODLEY, Judge (concurring).

The case of Hemmeline v. State, 165 Texas Cr. Rep. 583, 310 S.W. 2d 97, controls the disposition of the contention that the act of sodomy by appellant and another boy on the same occasion was inadmissible because it showed the commission of an extraneous offense.

In the Hemmeline case the offense was auto theft to which plea of guilty was entered and application was made for suspended sentence. Evidence that narcotics were found in appellant's possession and that a burglary had been committed in the area where he was first seen was held to be admissible.

The unanimous opinion in Hemmeline v. State points out that the offenses were contemporaneous with and a part of the case on trial, and were not disconnected. The contention that since Hemmeline plead guilty it was error for the court to permit the state to prove that a burglary had been committed and that appellant was in possession of narcotics was overruled.

Williams v. State, 152 Texas Cr. Rep. 490, 215 S.W. 2d 627, was distinguished: "because the offenses there proved were disconnected in point of time from the offense to which the appellant (Williams) had plead guilty, while the offenses in the case at bar (Hemmeline) were contemporaneous with and a part of the case on trial."

The act of sodomy with another boy, being admissible as a part of the transaction, could be shown by appellant's confession or on his cross-examination, as well as by an eye witness.

It is the act of sodomy with the second boy which was admissible under the so-called res gestae rule. Appellant's confes-

sion was admitted under the confession statute, not as a res gestae statement.

With these expressions, I join in the approval of Judge Dice's opinion.

DAVIDSON, Judge (dissenting).

Proof of other and extraneous offenses committed by the accused is admissible only when proof thereof tends to solve some disputed issue in the case. Branch's P.C., 2d Edition, Vol. 1, Sec. 188.

The disputed issue must be one of fact. Daniel v. State, 152 Texas Cr. Rep. 240, 212 S.W. 2d 636.

This being a plea of guilty before a jury, there was no issue, either under the pleadings or the facts, which would authorize proof of acts of sodomy committed by the appellant with third parties.

If proof of such other acts or offenses was admissible it was admissible only because it tended to prove some disputed fact issue in the case. If there was a disputed issue as to appellant's guilt, the case could not proceed to final conclusion upon the plea of guilty before the jury. Burks v. State, 145 Texas Cr. Rep. 15, 165 S.W. 2d 460.

So if the evidence of the other crimes was admissible, there was before the jury an issue as to appellant's guilt and the plea of guilty should have been withdrawn and the trial conducted under a plea of not guilty.

If the plea of guilty was to remain, then proof of the other crimes was inadmissible because there existed no issue in the case whereby proof thereof would be authorized.

In any event, both the plea of guilty and the proof of extraneous crimes can not exist in the case, being repugnant one to the other.

The majority opinion says that proof of the other acts of sodomy was a part of the res gestae of the transaction for which appellant was on trial.

Res gestae is the transaction speaking. As applied to this

case, that transaction was the one for which appellant was on trial and to which he had pleaded guilty and which the proof showed was concluded and made final before the subsequent acts of sodomy were committed.

Proof of those other and subsequent crimes could not therefore be a part of the res gestae of preceding and closed transactions.

Moreover, where proof of other crimes becomes and is a part of the res gestae such crimes are subject to the same limitation as is proof of the other crimes—which is that proof thereof must tend to establish some disputed issue in the case.

Here is the rule announced by this court in Lockhart v. State, 53 Texas Cr. Rep. 589, 111 S.W. 1024:

"Statements of parties engaged in a trouble, or declarations or acts or matters occurring at the time of the supposed transaction, are not admissible as res gestae simply because they were stated at the time; but these acts and declarations, when sought to be used on the trial of a party accused, must have some relevancy or materiality or bearing upon the issue or issues involved in such trial."

The state finds itself upon the horns of a dilemma. If the plea of guilty stands, proof of the other offenses was not admissible. If proof of the other offenses was admissible, then such proof destroyed the plea of guilty.

In a concurring opinion, my brother Woodley seeks to justify the affirmance of this case under authority of Hemmeline v. State, 165 Texas Cr. Rep. 583, 310 S.W. 2d 97.

That case is neither in point nor controlling, here.

The conclusion reached in that case was bottomed upon the proposition that the evidence objected to was a part of the offense for which the accused was on trial. Such is made evident, because Beard v. State, 146 Texas Cr. Rep. 96, 171 S.W. 2d 869, is relied upon to sustain that conclusion.

I call attention to the fact that the Beard case makes clear that the proof of other offenses was there authorized because they were deemed part of the crime of murder, for which Beard was being tried. To make that clear, the court said:

"This court has long been committed to the proposition, and to which we tenaciously adhere, that a party accused of crime must be tried upon the particular accusation, and may not be shown by evidence of any character to be a criminal generally unless under the facts of the particular case evidence of other offenses or convictions becomes pertinent under some exception to the general rule of exclusion."

That the Hemmeline case is not in point here is further demonstrated by the fact that Goodman v. State, 118 Texas Cr. Rep. 636, 39 S.W. 2d 893, and Williams v. State, 152 Texas Cr. Rep. 490, 215 S.W. 2d 627, were held not to control the disposition of that case (Hemmeline).

Both the Goodman and Williams cases directly support this appellant's position and my dissent here, because in those cases, as here, the evidence of other offenses was no proof of the offense for which the accused was on trial, and there were no issues of fact which would render them admissible.

The Hemmeline case supports rather than challenges my position that proof of appellant's other and separate crimes was not admissible.

When the state proved the act of sodomy it made a complete case and sustained, by proof, the plea of guilty.

Other offenses committed by appellant with other persons subsequent thereto which had no connection whatsoever with the offense to which he had pleaded guilty but which were separate and distinct therefrom should not have been admitted in evidence, especially in view of the fact that appellant was not shown to have ever been convicted thereof or charged thereon.

The conviction ought to be reversed. All the law that this court has written upon the subject, as above pointed out, ought not to be destroyed, as my brethren are here doing.

I dissent.