### CLETUS EUGENE HACKETT v. STATE

No. 34,569. May 2, 1962
Motion for Rehearing Overruled June 6, 1962

*Dennis G. Brewer,* Irving, and *Robert C. Benavides,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Pat McDowell, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the offense of aggravated assault upon a peace officer; the punishment, confinement in jail for 180 days.

The State's evidence shows that on the night in question, two City of Dallas Police Officers, A. C. Scogin and A. C. Clark, went to a bowling alley in company with Ray Brocher and Kenneth Floyd who were in the Air Force. The officers at such time were off duty and were wearing sport clothes. The four arrived at the bowling lanes around 8 P.M. and bowled until around 10:45, during which time the two officers and Brocher each drank three bottles of beer. They then went to a waffle shop where they ate a steak. At 11:45 P.M., they returned to the bowling alley and left in Scogin's Ford automobile. As they were driving on John West Road, an automobile occupied by the appellant and three companions approached from the rear travelling at a high rate of speed. Officer Scogin slowed down and as the car passed, appellant leaned out and threw an unopened 7-up bottle which struck the windshield of the officers' car. Officer Scogin then pulled the car over to the curb and he and Officer Clark got out and went to the car. Appellant was seated on the front seat with Butch Wilson, the driver, and the other two occupants were seated in the back. When Officer Scogin went to the driver's side of the car, he stated to the occupants, "You have hit the wrong car, we are police officers, you are under arrest." Wilson then accelerated the car and collided into the officers' car. Officers Scogin and Clark then proceeded to drag Wilson out of the car at which time he hollered for help. Thereupon, appellant got out of the car with a whisky bottle in his hand and attempted to hit Officer Clark, the prosecuting witness. Officer Scogin then secured a pistol from his car, pointed it at appellant, who then

threw the bottle to the side stating, "It's not fair, you have a pistol." At this time, Brocher, who was with Scogin and Clark, told appellant that they were officers and "they better quit fighting." The officers then placed appellant and his three companions in the back of Officer Scogin's car and drove away to reach a telephone and call a squad car. While driving on John West Road, Wilson grabbed Officer Scogin around the neck and appellant began hitting Officer Clark in the face with his fist and kicking him with his boots. During the melee, Wilson got out of the car and ran off. Officer Scogin then drove to a service station, called for a squad car, after which other officers came and took appellant away. While waiting for the squad car to arrive, appellant stated that he did not believe they were officers and that he would like to see some identification to show that they were. Officer Scogin then exhibited his badge and appellant continued to be belligerent and cursing.

Appellant did not testify or offer any evidence in his behalf.

Appellant predicates his appeal upon two contentions.

He first contends that the evidence is insufficient to support the conviction for two reasons.

First, it is insisted that the State's proof shows that appellant did not know the prosecuting witness Clark was an officer discharging his duty. The evidence is undisputed that before any assault was committed, appellant and his companions were informed by Officer Scogin that he and the prosecuting witness Clark were police officers. The fact issue as to appellant's knowledge was for the jury's determination and we find the evidence sufficient to sustain their verdict. Simms v. State, 167 Texas Cr. Rep. 315, 319 S.W. 2d 717.

Second, appellant insists that his arrest was unlawful which under the law he had the legal right to resist. Numerous authorities are cited by appellant which hold that one has the right to resist an illegal arrest and to use such force as is reasonably necessary to extricate himself from such an arrest. We do not agree that under the facts presented, appellant was shown to have been illegally arrested. Appellant's act of throwing the 7-up bottle out of the car and striking the windshield of the officers' car was such an act as to constitute a breach of the peace. Woods v. State,, 152 Texas Cr. Rep. 338, 213 S.W. 2d 685. Under Art. 212, V.A.C.C.P., the officers were authorized to arrest appellant without a warrant for the breach of peace committed in their pres-

ence. Such act, under Art. 1350 of the Penal Code, also constituted the offense of wilful injury of property of another. Damage to the windshield of the car was shown to be the sum of $80, which under the statute, made the offense a felony. Under Art. 212, supra, the officers had the right to arrest appellant without a warrant for the felony offense committed in their view and presence.

Appellant's other claim of error relates to certain remarks made by the trial court which appellant insists constituted a comment upon the weight of the evidence in violation of Art. 707, V.A.C.C.P.

The first remark of which complaint is made was made by the court while appellant's counsel was questioning Officer Clark on cross examination with reference to why he examined appellant for marks on his body, when the court stated "All right, you have gone into that enough. He has answered it four times," to which appellant's counsel stated "I object to the court's remarks and —". The other remark of which complaint is made occurred when, at the conclusion of Officer Clark's direct testimony, State's counsel stated "I thank you, Mr. Clark," and appellant's counsel then inquired as to what counsel was thanking him for and the court stated "That is a bunch — has nothing to do with this case. Let's shorten this thing," to which appellant's counsel stated "I object to the court's comments. If it is admitted into the record, I want to know what he was thanking him for," and the court replied "Well, it is customary in this court for the attorneys when they get through with a witness to say 'Thank you, Mr. So and So', so I don't think it's got any—" to which appellant's counsel stated "I object to the comment—".

We do not construe the court's remarks as a comment upon the evidence.

If, however, the remarks should be so construed it is held that for a comment of the court to constitute reversible error under the statute, Art. 707, supra, there must be found in the remarks a benefit to the State or an injury to the accused which would not have been present had the court simply overruled objections made without a comment. Huckert v. State, 159 Texas Cr. Rep. 368, 264 S.W. 2d 121.

We find no benefit to the State in the court's remarks or injury to appellant which would call for a reversal of the conviction. The court's remarks clearly related to the manner in which

appellant's counsel, as well as counsel for the State, were conducting their examination of the witnesses and were within the court's province in controlling the trial. Nichols v. State, 97 Texas Cr. Rep. 174, 260 S.W. 1050 and Ledesma v. State, 147 Texas Cr. Rep. 37, 181 S.W. 2d 705.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.