**Ben Herbert PHELPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37771.**

Court of Criminal Appeals of Texas.

March 10, 1965.

Rehearing Denied April 14, 1965.

Certiorari Denied Dec. 6, 1965.
See 86 S.Ct. 387.

Grier H. Raggio, Robert C. Benavides, Dallas, for appellant.

Henry Wade, Dist. Atty., John Nelms, Mike Everett and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was convicted under Art. 527, Vernon's Ann.P.C. for unlawfully and knowingly having in his possession obscene pictures and his punishment was assessed at a fine of $1,000.

The state's evidence shows that appellant lived with his wife and step-son in the city of Richardson. In the early part of November, 1963, when the witness James Bartley was in the home delivering milk, appellant showed him some pictures of nude women. Subsequent to seeing the pictures, Bartley had a conversation with Detective Bob Smith of the Richardson Police Department. On November 7th Detective Smith who had some experience in photography met the appellant in a drug store and the two became engaged in a conversation relative to photography. In the conversation appellant told the detective that he took pictures and requested him to come to appellant's home and see his photographs so that he could recommend a place where he might sell or distribute them. The following day Detective Smith went to the home where appellant showed him between one and two hundred pictures which were colored slides of different girls. Of the pictures exhibited only one appeared to be obscene, it being a photograph of a woman with her pubic hair exposed. On such occasion appellant emphasized that he was interested in selling the pictures and thought the detective could use some of his contacts in helping him sell them.

After leaving appellant's home, Detective Smith had a meeting with his Chief of Police and Postal Inspector R. H. Robinson was later called. In a meeting on November 12th with the Inspector, a buyer for appellant's photographs was set up under the name of Garrett who was to correspond with appellant relative to the pictures. On December 5th Detective Smith returned to appellant's home and appellant showed him

some "series" pictures of the same girl in sequence of undressing. At that time appellant stated he was mailing the pictures to a man by the name of Garrett with whom he had had correspondence. On December 13th Detective Smith again met appellant in the drug store and appellant informed him that he was sending some more pictures to Garrett.

The state's proof further shows that on January 22nd Detective Smith again saw appellant in the drug store and introduced him to Postal Inspector Harry D. Holmes. After they had discussed going for some coffee the three went outside to where Postal Inspector Robinson and Detective Burleson were seated in an automobile. They then got in the car and the five proceeded to drive to the police station. On the way to the station Robinson and Holmes identified themselves as postal inspectors and told appellant they wanted to talk to him about the pictures  After arriving at the police station appellant proceeded to sign and execute a written consent to the search of his home by Inspector Holmes without a search warrant. Appellant then accompanied Inspectors Robinson and Holmes and Officers Smith, Burleson and Robbins to his home where a search was made. In the search the officers found sixteen polaroid pictures on a bed and numerous other pictures in a night stand which were photographs of men and women in the nude. Some of the pictures showed the parties engaged in the act of sexual intercourse and other unnatural sex acts.

Testifying in his own behalf appellant stated that the reason he consented to the search of his home was because of threats of the officers and the representations made to him that they had a search warrant. He further swore that he did not sign the written consent for the search until after the search had been completed, and they had returned to the police station. Appellant admitted possessing the photographs found by the officers in his home but stated that he took the pictures upon the encouragement and inducement of Detective Smith and a letter he had received from Garrett.

Appellant's testimony with reference to his reason for executing the written consent to search was sharply disputed by the officers as well as his claim that he was induced to take the pictures by them. Detective Smith testified that while he did have in his possession a search warrant for appellant's house he did not advise appellant of the warrant until after he had signed the written consent to search. He swore that appellant signed the consent before the search was made. He also denied having induced appellant to take and possess the photographs found as a result of the search.

The Court submitted to the jury in his charge the disputed issues relative to appellant's execution of the written waiver and consent, and instructed the jury that if they believed from the evidence or if they had a reasonable doubt thereof, that appellant did not wilfully give his consent to the search prior to the time of the search, or if he signed the waiver to search as a result of threats or after he was told by the officer that they had a search warrant, to wholly disregard the pictures in question and acquit him. The defense of entrapment was also submitted under appropriate instructions.

The jury by their verdict resolved the disputed issues against the appellant.

■ We first overrule appellant's contention that the evidence is insufficient to support the conviction because no proof was offered by the state that the pictures introduced in evidence were obscene which term is defined in Sec. 3 of Art. 527, supra, as whether to the average person applying community standards involving a territory or geographic area not less than the State of Texas the material taken as a whole appeals to prurient interest. When testimony was offered by the state as to what the pictures portrayed appellant objected on the ground that the pictures "spoke" for themselves. The trial court agreed with

such contention and sustained appellant's objection. The pictures introduced in evidence showing men and women in the nude engaged in acts of sexual intercourse are clearly obscene as that term is defined in the statute.

It is insisted that the court erred in admitting the pictures in evidence because they were obtained as the result of an illegal search. The attack upon the search is predicated upon the contention that the search warrant which the officers had obtained was invalid under the decision in Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. It is also contended that appellant's arrest by the officers was unlawful and for this reason the search was illegal.

■ We need not pass upon the validity of the search warrant as the evidence shows that the officers did not search appellant's home under the authority of such warrant. Nor need we pass upon the validity of appellant's arrest as we do not have before us the search of a person incident to an arrest. The fact issues as to the validity of appellant's written consent to search his house were fairly submitted to the jury by the court. By their verdict the jury found that appellant voluntarily consented to the search. By such consent appellant waived any question as to the legality of the search. Ellithorpe v. State, 167 Tex. Cr.R. 266, 320 S.W.2d 350; Lucas v. State, Tex.Cr.App., 368 S.W.2d 605.

■ We find no error in the trial court's failure to make an independent finding upon the issue as to whether appellant voluntarily executed the written consent to the search. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, relates to written confessions of an accused and is not here applicable.

■ Complaint is made to the court's action in permitting the State to prove the identity of the persons in the pictures which, among other things, revealed that one of the women in the photographs was the appellant's wife engaged in an act of sexual intercourse with a man by the name of James Stockwell. Objection was also made to certain jury argument of state's counsel when he stated that appellant had prostituted his own wife. Appellant's objection to the testimony showing the identity of the persons in the pictures was on the ground that it was highly inflammatory and constituted proof of extraneous offenses. In his brief he also insists that such testimony was in violation of Art. 714 Vernon's Ann.C.C.P. which prohibits the wife from giving testimony against her husband. The identity of the persons in the pictures was clearly a part of the res gestae and admissible as such. Fite v. State, 163 Tex.Cr.R. 279, 290 S.W.2d 897; Kerrigan v. State, 167 Tex.Cr.R. 601, 321 S.W.2d 884; Bills v. State, 168 Tex.Cr.R. 369, 327 S.W.2d 751. Proof of the identity of appellant's wife and Stockwell in the pictures was also admissible to rebut appellant's defense of entrapment in view of Stockwell's testimony that he had not seen appellant and his wife since the summer of 1962, and it was not until November 1963 that Detective Smith first talked to appellant and began the investigation. Watson v. State, 164 Tex.Cr.R. 593, 301 S.W.2d 651; Ivey v. State, Tex.Cr.App., 212 S.W.2d 146.

Appellant's remaining complaints are to certain comments by the trial court which he insists were in violation of Art. 707 V.A.C.C.P.

■ The first comment occurred when appellant objected to the admission in evidence of certain photographs on the ground that the affidavit for the search warrant was void and the Court stated: "We are not operating on that Mr. Benevides. I think I have made that pretty clear", and during the cross-examination of appellant's wife by state's counsel with reference to the objects taken from the home when an objection was made by appellant's counsel, the court stated: "You opened it up on the hundred objects taken".

To offend against the statute, Art. 707, supra, there must be found in the court's remarks a benefit to the state or an injury to the accused. Hackett v. State, 172 Tex. Cr.R. 414, 357 S.W.2d 391. We find neither benefit nor injury in the court's comments and overrule the contention.

The judgment is affirmed.

Opinion approved by the Court.