John W. SINGLETON, Appellant,

v.

The STATE of Texas, Appellee.

No. 43651.

Court of Criminal Appeals of Texas.
May 9, 1972.

---

Claude R. Bailey, San Antonio, Samuel L. Egger, San Antonio (on appeal only), for appellant.

Ted Butler, Dist. Atty., John Yates, Arthur Estefan and Sparta Bitsis, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

Our prior opinion dismissing this appeal is reported as Singleton v. State, Tex.Cr. App., 468 S.W.2d 405. The record has now been perfected. The appeal now will be considered on its merits.

The offense is driving while intoxicated; the punishment is thirty (30) days in jail and a fine of $100.00.

■   Appellant's first ground of error, raised for the first time in his Second Amended Motion for New Trial, is that he was deprived of having a jury at the hearing on punishment since he had applied for probation. Practically the same contention was made in Martin v. State, 452 S.W.2d 481. In the case at bar, after the receipt of the jury's verdict of guilty, the court asked the appellant if he wanted the court or the jury to assess the punishment, and appellant's counsel said "By the Court, Your Honor," and the jury was excused. His first ground of error is overruled.

■   His second ground of error relates to an unresponsive answer given by an officer witness. He was first asked,

"Q   You saw him, again, then, down at the jail, is that correct?

"A   Yes, sir. When we were booking him, and he was given an opportunity to take a Breathalyzer Test.

"MR. BAILEY: I am going to object; and that's not responsive to the question, may it please the Court.

"THE COURT: I sustain the objection.

"MR. BAILEY: And instruct the witness to keep—be responsive to the questions, if the Court would, please.

"THE COURT: All right. Make your answers to the questions responsive.

"A Yes, sir.

"THE COURT: Be responsive."

In Saunders v. State, 172 Tex.Cr.R. 17, 353 S.W.2d 419 we called attention to the distinction between a direct question which the prosecutor knew, or should have known, was improper and an unresponsive answer.

It will be noted from the above that no motion was made to have such answer

withdrawn from the jury and no motion was made to declare a mistrial because of such statement and the opinion of this court in Bearden v. State, 334 S.W.2d 447, controls.

In his third ground of error the appellant contends that the court erred when he admonished a witness as follows: "You can answer the questions; and then you can be straightened out later." We first note that no objection was interposed to such remark and, secondly, observe that the remarks constituted no benefit to the State or injury to appellant; therefore, such was not error. Hackett v. State, 172 Tex.Cr.R. 414, 357 S.W.2d 391.

His fourth ground of error relates to the cross-examination of the defense witness Frayar. He had testified that he saw no indication of intoxication of appellant at the time of his arrest. On re-cross-examination, the State asked him if he had ever talked to anyone about what happened that night, other than the people down at the jail, and he replied that he had not. He was then asked if he had talked to Paul Thompson, and then the prosecutor read from what may have been Thompson's newspaper column. The only objection was "Now, Your Honor, I object to his reading." Counsel secured no ruling from the court on this objection. The witness answered that part of what he had read to him was true, but he insisted that he had not told Paul Thompson that the appellant was drunk. No further objection was made to this testimony. In Piraino v. State, 415 S.W.2d 416, we said "In the absence of a ruling no error is presented." The fourth ground of error is overruled.

Appellant's last ground of error relates to the following argument: "Now, Webster defines sober as: characterized by reason, sanity, and self-control. Now—" Appellant's objection was overruled and the prosecutor continued: "Now, what we must analyze here is: Are these the actions of a sober person, who was stopped for a speeding violation?"

Appellant cites Daywood v. State, 157 Tex.Cr.R. 266, 248 S.W.2d 479. We note that Daywood was affirmed and we quote therefrom: "Error in argument does not lie in going beyond the court's charge, but lies in stating law contrary to the same." The trial court properly defined intoxication in his charge; we find nothing contrary to the law or the charge in the argument set forth above.

Finding no reversible error, the judgment is affirmed.