Johnny HAYNES, Appellant,

v.

The STATE of Texas, Appellee.

No. 45143.

Court of Criminal Appeals of Texas.

June 28, 1972.

Rehearing Denied July 28, 1972.

John K. Coil, Dallas (Court-appointed), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for murder, with the punishment assessed by the court at 60 years.

▮ Appellant's first ground of error complains that the court erred in allowing the district attorney to display a weapon to the jury that was not in evidence. Appellant argues that: "The question is not if the gun could be admitted, the question here is should this case be reversed because the District attorney displayed an object which was never admitted into evidence." The gun complained about was identified by the witnesses as being similar to the gun used in the shooting herein. It was further shown that this gun was recovered from appellant. Appellant's common-law wife testified that it was the gun that he had at the scene on the night in question. There was no showing that there was prosecutorial misconduct. In Ortega v. State, 462 S.W.2d 296 (Tex.Cr. App.1970), this Court found that there was no reversible error or a lack of good faith by the prosecutor who had exhibited before the jury a knife which the prosecutrix testified was identical to the knife with which defendant had threatened her. In Brito v. State, 459 S.W.2d 834 (Tex.Cr.App.1970), this Court concluded that it could not hold "that the State was guilty of misconduct or acted in bad faith" when a witness testified that a flashlight "appeared to be the same or similar" to the flashlight with which she had been beaten. This ground of error is without merit.

▮ Appellant's ground of error number two complains that "The trial judge erred in allowing a conversation outside the presence of the accused into testimony." The conversation relates to a statement made by one eye-witness to another to the effect "Johnny had no reason to shoot that man." The defense objected and the court overruled the objection, but no motion for mistrial was made.

There was other testimony from various witnesses as to the shooting incident and as to difficulty between the parties hereto. Even though this remark is to be classified as hearsay, it would not be so prejudicial as to require a new trial. In 24 Tex.Jur.2d Evidence, § 573, we find as follows: ". . . if the fact to which the hearsay admitted relates is sufficiently proved by other and competent evidence, the admis-

sion of the hearsay objected to may properly be deemed harmless." In Harrod v. State, 93 Tex.Cr.R. 518, 247 S.W. 1091 (Tex.Cr.App.1923), this Court said as follows: ". . . The mere fact that hearsay testimony is admitted does not necessitate a reversal of the case. It must be harmful." There was no showing of material injury in any matter. See Hickox v. State, 104 Tex.Cr.R. 649, 285 S.W. 621 (Tex.Cr.App.1926).

 Appellant's third ground of error complaints that "The trial Judge erred in commenting upon the weight of the testimony." The complained of errors are as follows: Attorney for appellant was inquiring into the arrest of the State's witnesses for the crime in question and after an objection by the State, the court stated, "It is not important whether they were or were not under arrest, actually." Appellant's counsel was inquiring as to direction of a street at the scene and the court stated, "You have already established all of that at the scene." After this statement, the court instructed the jury to disregard the statement and then commented that the position of the trucks at the scene had no probative force. While the trial judge should not have made the comments herein, we do not see that reversible error was committed thereby. In Huckert v. State, 159 Tex.Cr.R. 368, 264 S.W.2d 121 (Tex.Cr.App.1953), this Court stated: "Unless there may be found in the remarks of the court a benefit to the state or an injury to the defendant which would not have been present had the court simply overruled the objection, we would not, under the rule stated, be authorized to reverse . . .." See Hackett v. State, 172 Tex.Cr.R. 414, 357 S.W.2d 391 (Tex.Cr.App.1962); Phelper v. State, 396 S.W.2d 396 (Tex.Cr.App. 1965); Minor v. State, 469 S.W.2d 579 (Tex.Cr.App.1971).

Appellant's fourth ground of error relates to the argument of the State's Attorney. Complained of argument is as follows: "This man has created the facts.

He is as guilty, as guilty as any human being I have ever seen in the court." And the further argument as follows: "Well, he was going for his old hip pocket. That's the old story we hear all the time, this hip pocket move." This Court has held remarks such as "a cold-blooded murderer" not to be improper. Marshall v. State, 104 Tex.Cr.R. 619, 286 S.W. 214 (Tex.Cr.App.1926). Viewed from the totality of the evidence presented to the jury, the argument complained of was not reversible error.

The judgment is affirmed.