O’NIELL, Chief Justice.
 

 A bill of information was filed in the district court in the parish of La Salle, accusing the defendants of receiving, buying and having in their possession stolen property, knowing that it was stolen. The property was described as scrap iron of the value of $50. The defendants excepted to the jurisdiction of the court, on the ground that if the crime charged was committed at all it was committed in the Parish of Rapides, because the scrap iron was bought and received by the defendants in that parish. The exception to the jurisdiction was submitted on .a stipulation of facts, and was overruled by the judge. The defendants have brought the matter to this court on a writ of certiorari and an alternative writ of prohibition.
 

 The defendants compose the firm of Blotner Brothers, engaged in the business of buying and selling scrap iron, and having their place of business in the city of Alexandria, in the parish of Rapides, which is the Ninth Judicial District. The parish of La Salle, of which the town of Jena is the parish seat, is in the Twenty-Eighth Judicial District. On the date of the transaction on which this prosecution is founded, a man named Coleman, in Jena, called Blotner Brothers, in Alexandria, on the long-distance telephone, and asked for a quotation on a quantity of scrap iron which Coleman offered for sale. The member of the firm who answered the phone call, in Alexandria, asked Coleman what kind of scrap iron he had, and Coleman replied that it consisted largely of conveyor chains and furnace grates. Blotner quoted the price, $7.50 per ton delivered at the firm’s scrap yard in Alexandria. Coleman said that he had no truck with which to deliver the iron, and Blotner agreed to send the firm’s truck, and to charge Coleman $1.50 per ton for the use of the truck and the services of the driver, to bring the iron to the scrap yard in Alexandria, for the purpose of grading and weighing it, before buying it. The grading was as necessary as the weighing of the iron because the value of scrap iron varies according to the grade. Blotner Brothers sent their truck to Jena, in charge of their driver, with instructions to meet Coleman, whom the driver knew. The driver met Coleman in
 
 *195
 
 Jena, in company with a man named Keene, who directed the driver to the home of Keene’s brother, where the scrap iron was loaded on the truck by Coleman and Keene ; after which they rode on the truck to Alexandria and delivered the iron to the scrap yard of Blotner Brothers, where it was received and inspected and weighed by an employee of Blotner Brothers. The price amounted to $25.80 after deduction of the $1.50 per ton for the use of the truck and the services of the driver; and, at the request of Coleman, $17.20 was paid to Keene and $8.60 to Coleman. Keene was indicted by the grand jury in La Salle parish for the crime of larceny, the charge being, specifically, that he stole a lot of scrap iron of the value of $150, from a lumber company in Jena. It is not suggested or contended, as far as the stipulation of facts goes, that either Coleman or Keene was connected in any way with Blotner Brothers, or with either member of the firm, or that either member of the firm was acquainted with either Coleman or Keene, previous to the transaction in question.
 

 On the facts agreed upon, our opinion is that the venue for this prosecution is not in the parish of La Salle, but in the parish of Rapides. In Section 9 of Article I of the Constitution it is required that all. criminal trials shall take place in the parish in which the offense was committed, unless the venue be changed. There is nothing in the stipulation of facts to indicate what the State intends to prove as to when the defendants, or either of them, first acquired the alleged knowledge that the scrap iron which they bought from Coleman, or from Coleman and Keene, was stolen property. But, if in fact the defendants knew, before or at the time when they received the scrap iron, that it had been stolen, the crime of receiving or possessing stolen property was not' committed until the property was received by the defendants; and the place where it was received was at the defendants’ scrap yard in Alexandria, in the parish of Rapides. The truck driver was not authorized to take possession of the iron for or as the property of the defendants. Although he was regularly employed by the defendants as their truck driver, he and the truck were at the time in the service of Coleman, or of Coleman and Keene, for the purpose merely of hauling the iron to the defendants’ scrap yard in Alexandria. It is possible, of course, that the defendants knew that the scrap iron was stolen property at the time when they negotiated with Coleman on the long-distance telephone with the intention of buying and taking possession of the iron. If that is true the defendants were guilty of having the wrongful intention of receiving stolen property, but, in that event, they were not guilty of the crime of receiving stolen property until they carried out their wrongful intention.
 

 The ruling complained of is annulled, the defendants’ exception t'o the jurisdiction of the district court in La Salle parish is maintained, and the prosecution in that parish is dismissed.