McCALEB, Justice.
 

 Appellant was charged, tried and convicted of the offense of receiving stolen things, as defined by Article 69 of the Criminal Code, Act 43 of 1942, in that he procured, received and concealed five pigs valued at $40, knowing the same to have been the subject of a theft. Following imposition of a twelve month sentence in the State Penitentiary at hard labor, he prosecuted this appeal, relying on seven bills of exception for a reversal.
 

 Appellant filed, in limine, a plea to the jurisdiction of the court contending that, if the offense charged had been committed at all, it took place within Franklin Parish where he had procured the pigs. This plea was submitted to the judge on an agreed statement of facts, reading as follows: “ * * * that the five hogs described as the subject of this charge were taken into possession by the defendant, accompanied by another party, in Franklin Parish, Louisiana, on or about the 8th day of October, 1949, and were carried from thence by defendant to the premises in Caldwell Parish, Louisiana, occupied by him as a home, and were retained and in possession by defendant at his said premises in Caldwell Parish, until they were located by the officers of Caldwell Parish and identified by the alleged owner thereof; and, further, that the defendant has been charged by a criminal affidavit, by the alleged owner of the animals, with the theft of said animals in Franklin Parish”.
 

 After a consideration of the foregoing, the judge found that the charge was cognizable in Caldwell Parish, being of the
 
 *649
 
 opinion that “the offense of Receiving Stolen Things is a continuing offense, particularly with respect to that phase thereof involving the concealing of the property involved”. To this ruling, appellant reserved Bill of Exception No. 1.
 

 We think that the judge erred. The crime of receiving stolen things is fully consummated when the things are received; State v. Blotner, 197 La. 192, 1 So.2d 74; but concealment and having possession of stolen property are continuing offenses. State v. Schneller, 199 La. 811, 7 So.2d 66. However, it does not necessarily follow that a prosecution for concealment may be had in any parish into which the stolen things are brought. It is provided by Section 9 of Article 1 of our Constitution and repeated in Article 13 of the Code of Criminal Procedure
 
 [1]
 
 “that all trials shall take place in the parish in which the offense was committed, unless the venue be .changed; * * * ”. Accordingly, the test in determining venue is not whether the crime is a continuing one but whether it was perpetrated within the Parish where the prosecution is had.
 

 The statement of facts discloses that the pigs were procured by appellant in Franklin Parish. Unquestionably, then, the crime was committed there as it is well settled that the offense of receiving stolen things is committed at the place where the things are received. State v.' Blotner, supra. Hence, Caldwell Parish was without jurisdiction of the prosecution unless it can be said that appellant concealed the pigs there and, thus, also committed the crime in that parish.
 

 But the stipulation of fact does not, in our opinion, exhibit that there was a concealment of the pigs in Caldwell Parish. It merely recites that appellant carried the pigs to his home and retained them in his possession until they were located by the arresting officers. There is not any fact alleged from which an- inference could be drawn that appellant hid the pigs from public view or that he otherwise did anything to hinder the owner in his search and investigation of their whereabouts. In this connection, it is apt to observe that Article 69 of the Criminal Code is of narrower scope than its predecessor, Dart’s Crim. Stats. (1932) Section 1306, R.S. Section 832,'as amended by Act 72„of 1898 and Act 369 of 1938, which denounced the offense of receiving or having stolen property. In the former statute, mere possession of the stolen property sufficed, whereas, Article 69 requires concealment."which is a much
 
 *651
 
 more limited term.” See comment in footnote to Article 69, Criminal Code.
 

 [5] In 22 C.J.S., Criminal Law, § 185, page 294, dealing with the venue of particular offenses, it is stated: “In the absence of a statute, the venue of the crime of receiving stolen goods is in the county where they are received, and not in the one where they are stolen,
 
 [2]
 
 nor in the one into which they are subsequently taken.” See also Campbell v. People, 109 Ill. 565, 50 Am.Rep. 621.
 

 Of course, if the stolen property was received or procured in one parish and thereafter carried into and concealed in another parish, prosecution may be had in either parish as the offense has been committed in both. But, unless the facts reveal that the property was concealed in the parish into which it was taken, the prosecution must be had in the parish where the property was procured or received. This difference was recognized by the Texas Court of Criminal Appeals in Thurman v. State, 37 Tex.Cr.R. 646, 40 S.W. 795 and Polk v. State, 60 Tex.Cr.R. 150, 131 S.W. 580. Under a Texas statute, Vernon’s Ann. C.C.P. art. 200, prosecution for receiving and concealing stolen property was cognizable either in the county where the theft was committed or in any county where the property was received or concealed by the offender. The court held in the cited cases, that, if the property is received in one county and taken into another, prosecution cannot be conducted in the latter in the absence of a showing that there was a concealment, as distinguished from mere possession of the property.
 

 In the case at bar, the offense was committed in Franklin Parish where the pigs were procured and the fact that they were brought into and possessed in Caldwell Parish does not exhibit that the crime was committed there. Hence, we hold that the district court was without jurisdiction of the cause.
 

 The conviction and sentence are annulled and appellant is ordered discharged.
 

 [1]
 

 . Article 13 contains an added proviso that, where the several acts constituting a crime are committed in moré than one Parish “the offender may be tried in any parish where a substantial element of the crime has been .committed.” This proviso must perforce be regarded as an aid or guide to the Courts in determining the question of venue; it obviously cannot expand the mandate of the Constitution or limit the right secured thereunder.
 

 [2]
 

 . State v. Blotner, 197 La. 192, 1 So.2d 74, is cited in support of the text.