DREW, E. HARRIS, Associate Judge.
The appellant, tried and convicted of an offense under F.S. Section 811.16, F.S.A., “Buying, receiving, concealing stolen property," urges on appeal a question of venue. The evidence in the cause was that the overt acts charged, the purchase and receipt of the property in question, took place outside Hillsborough County, where appellant was tried. Appellant, however, accompanied investigating officers to his father’s home in Hillsborough- County where one of the stolen items was found.
*75 The statute in question has been uniformly construed to state “but one offense, although it gives three methods by which the offense may be committed. * * Proof of any one of the methods alleged is sufficient to sustain conviction and sentence for the offense.” Hamilton v. State, 129 Fla. 219, 176 So. 89, at page 91, 112 A.L.R. 1013, and cases there cited. The charges against appellant were, therefore, properly brought in the county where the goods were found to have been concealed, without resort to special statutory enactments relating to venue, which have been held inapplicable to the offense here involved. F.S. Secs. 910.05, 910.10, F.S.A. See Wharton’s Criminal Law and Procedure, Vol. IV, Sec. 1510. Cf. State v. Ellerbe, 217 La. 639, 47 So.2d 30.
The remaining issues relate to the sufficiency of the evidence to sustain the verdict. We find no cause to disturb the conclusion of the jury on the material points. Broxson v. State, 99 Fla. 1187, 128 So. 628.
Affirmed.
ALLEN, Acting Chief Judge, and SHANNON, J., concur.