229 So.2d 700

**STATE of Louisiana**

v.

**Raymond Eugene CRUM et al.**

**No. 49880.**

Nov. 10, 1969.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison Dist. Atty., Louise Korns, David G. Perlis, Asst. Dist. Attys., for relator.

John R. Simmons, Jr., New Orleans, for respondent.

BARHAM, Justice.

Upon the State's application we granted certiorari after the trial court on a habeas corpus hearing ordered the release of Raymond Eugene Crum and Wilbert James Smith who were serving sentences in the Louisiana State Penitentiary.

An automobile stolen in Mississippi was brought by Crum and Smith into Louisiana, and they were arrested while using this car in an attempt to escape after an armed robbery committed in New Orleans. They were jointly charged in Orleans Parish under R.S. 14:69 with intentionally procuring, receiving, and concealing property (the automobile) which they knew, or had good reason to know, had been stolen. Each pleaded guilty and was sentenced to serve three years at hard labor in the penitentiary. The judge granted writs of habeas corpus and ordered the prisoners discharged upon his conclusions that according to the evidence the car was obtained in Mississippi and that there was no evidence of its having been *concealed* in Louisiana. His determination on the question of concealment was made in reliance upon our holding in State v. Ellerbe, 217 La. 639, 47 So.2d 30 (1950).

In Ellerbe the accused while in Franklin Parish took five pigs which he knew belonged to someone else and transported them to his home in Caldwell Parish, where they remained in his possession until discovered by the police. In reversing the conviction in Caldwell Parish for receiving, procuring, and concealing stolen things this court found that the procuring or receiving of the pigs had occurred in Franklin Parish, and that mere possession of the pigs in Caldwell Parish did not constitute concealment within the meaning of Article 69 of the Criminal Code (R.S. 14:69).

Although Ellerbe was relied upon by the trial judge for a literal and restrictive interpretation of "concealing", we find that the definition given in that case is consistent with the liberal construction afforded that term within the context of this type of statute by the weight of authority.

The Ellerbe case was decided upon a minimal statement of fact which disclosed only that the defendant carried stolen pigs from Franklin Parish, where their owner lived, into the adjacent Parish of Caldwell to his own home. We stated that these facts were insufficient to show "* * * that appellant hid the pigs from public view or that *he otherwise did anything to hinder the owner in his search and investigation of their whereabouts*". (Emphasis supplied.) The definition of "concealing" in that case was based partially upon Texas jurisprudence, where one of the specific cases cited as well as a continuing line of cases has declared: "* * * The word 'conceal' is not to be given the literal construction of hiding, but [there] may be [concealment] by handling the property in a manner that would throw the owner off his guard in his search for it. Property may be concealed by carrying it off." Barker v. State, 109 Tex.Cr.R. 67, 2 S.W. 2d 851 (1927). See also Polk v. State, 60 Tex.Cr.R. 150, 131 S.W. 580 (1910), and Moseley v. State, 36 Tex.Cr.R. 578, 38 S. W. 197 (1896).

Ellerbe holds that mere possession in one geographical jurisdiction of stolen property received in another does not satisfy the definition of concealment, but that there must be attendant circumstances of secreting or hiding from public view or otherwise "hinder[ing] the owner in his search and investigation of their whereabouts".

■■ A determination of whether stolen property is concealed depends upon the facts of the particular case as they affect the ability of the owner to search for and find it. "Concealing" such property includes hiding, secreting, and keeping it from sight, but also includes conduct which will assist the possessor in converting the property to his own use and enjoyment or which may prevent or hinder its discovery by the owner. See 45 Am.Jur., Receiving Stolen Property, § 3; 76 C.J.S. Receiv-

ing Stolen Goods § 7; 2 Brill, Cyclopedia of Criminal Law, § 921; 2 Wharton's Criminal Law and Procedure, § 570 (Anderson's ed.). The commingling of a stolen automobile with other vehicles on the public thoroughfares of a city foreign to and removed from the owner is an effective hinderance to the owner's discovery of it.

█ We conclude that the removal of the automobile by Crum and Smith from Mississippi to Louisiana, and more particularly into the populous City of New Orleans, and their use of it for their own purposes and benefit were calculated to hinder or prevent the owner's discovery and recovery of it, and constitute "concealing" within the statute.

We hold that Raymond Eugene Crum and Wilbert James Smith were not entitled to writs of habeas corpus, and the parties are remanded into the custody of the warden of the Louisiana State Penitentiary to serve the sentences imposed under their pleas of guilty to the charges under R.S. 14:69.

HAMITER, dissents.