LeSUEUR, Judge.
This is an appeal from a decree of the Juvenile Court for the Parish of Orleans adjudging Mary and Sanders Bordes to be juvenile delinquents. The juvenile, Mary Bordes, was committed to the State Industrial School and the juvenile, Sanders Bordes, was released to the custody of relatives, apparently without court supervision.
Mary Bordes was released from the Industrial School to the custody of her mother “until further orders of the court” while this appeal was pending. Since the juveniles were not in actual custody when the case came before us on appeal, the state moved to dismiss the appeal as moot.
The juvenile, Mary Bordes, is, as far as we can determine from the record before us, subject to further court order and could conceivably be subjected to some restraint on account of this adjudication of delinquency; the issue is, therefore, not moot as to Mary Bordes. Furthermore, as to both juveniles, inasmuch as such an adjudication involves at least quasi-criminal consequences, they have a right to have their records purged of the adjudication if it was for any reason illegal or without proper cause.
The delinquency of Mary Bordes is predicated upon violation of LSA-R.S. 14:108(b) — resisting an officer by the intentional opposition or resistance to police officers, acting in their official capacity, and authorized by law to make lawful arrest. The best synthesis of the facts relevant to these charges is that in the course of a Mardi Gras parade she and several other persons pitched into a scuffle over a loose doubloon. She was battered about in the melee and on at least one occasion she was struck. She responded by pulling out of the tangle and going at the man next to her whom she testified was in a “defensive” position. This was Lt. Fruchtz-weig, an on-duty police officer dressed in street clothes, who testified, however, that he was wearing a badge.
The evidence is both conflicting and vague as to whether or not Mary Bordes could or should have seen the badge considering the circumstances of the scuffle *119 and the position of the badge upon his clothing. It is clear, however, that her knowledge that he was a police officer acting in furtherance of his duties is an essential element of the offense which led to the delinquency adjudication.
Sanders Bordes was also cited for violation of LSA-R.S. 14 ¡108(b) — resisting arrest. He was not in the scuffle, but, when he found that his sister was being taken away by nonuniformed persons (other plainclothes police officers had come to Lt. Fruchtzweig’s assistance) he went to her aid. He protested the arrest and was finally taken into custody himself pursuant to the statute cited.
The case was heard on May 29, 1969. The Louisiana delinquency statutes do not provide a standard of proof for this kind of hearing and the record does not reflect the standard imposed by the judge, who simply observed that the court was “satisfied” by the evidence presented by the state.
In March of 1970, the Supreme Court of the United States extended the demands of procedural due process in juvenile hearings so as to require proof beyond a reasonable doubt in any such proceeding. In re Winship, 397 U.S. 1068, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Inasmuch as this measure is one calculated to protect the innocent from conviction and, correspondingly, defines constitutional standards for fair play at trial, we cannot question retroac-tivity. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968).
We are convinced that the Juvenile Court did not measure the evidence by the standard of proof “beyond a reasonable doubt.” We are further convinced that a fair reading of the entire record makes it patent that the state’s evidence will not meet that test with reference to either delinquency adjudication.
For these reasons, the adjudication of the delinquency of both Mary Bordes and Sanders Bordes is annulled and vacated, and said juveniles released from further supervision of the court.
Adjudication of delinquency annulled and vacated.