James BANKS, Jr., Petitioner-Appellant,

v.

John M. McGOUGAN, et al., Respondents-Appellees.

No. 83–3055
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 14, 1983.

Rehearing Denied Nov. 9, 1983.

James Banks, Jr. pro se.

John H. Craft, Asst. Dist. Atty., New Orleans, La., for respondents-appellees.

Before CLARK, Chief Judge, and RUBIN and JOLLY, Circuit Judges.

**ALVIN B. RUBIN, Circuit Judge:**

Tried and convicted in state court for receiving stolen property and being a multiple offender, James H. Banks, Jr. seeks habeas corpus based on the asserted violation of his constitutional rights. The federal district court held that Banks received due process in his state trial. This judgment being fully supported by the record, we affirm. In doing so, we join numerous other circuits in holding that, although state courts must establish that a guilty plea is entered knowingly and voluntarily, they are not required to establish a factual basis for the plea.

### I.

On January 3, 1981, a New Orleans City Police officer stopped a car driven by Banks for running a red light. Banks produced a pictureless temporary driver's license bearing the name, Joseph P. Templet. When asked his name, Banks responded only, "Templet." He could furnish neither a first name nor a date of birth. The police officer's computer check informed him that the car had been reported stolen and that the man driving it was not Joseph Templet. (Banks is a black man, Templet a white.)

Banks was thereafter charged with receiving stolen property under La.Rev.Stat. Ann. § 14:69 (West 1974). In a bench trial, a state court found Banks guilty as charged. The state then filed a bill charging Banks as a multiple offender under La.Rev.Stat.Ann. § 15:529.1 (West 1981). He was found guilty and was sentenced to five years' imprisonment.

### II.

■ We first consider the major legal issue presented by Banks: whether the state court could properly find him a multiple offender without exploring the factual basis of one of his prior guilty pleas. In *Willett v. Georgia,* 608 F.2d 538, 540 (5th Cir.1979), we held that, when a defendant pleads guilty while proclaiming his innocence, the court commits constitutional error by accepting the plea without ascertaining that there is a factual basis for it. The Fourth, Sixth, Eighth, Tenth, and Eleventh Circuits have held that, absent statements inconsistent with guilt, state courts are not constitutionally required to establish a factual basis for the plea of guilt.[1] We have found no circuit court decision to the contrary. We join these five circuits in holding that the due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea unless, as we held in *Willett,* the state judge is put on notice that there may be some need for such an inquiry (as, for example, when the accused asserts his innocence).[2]

### III.

Banks contends that the evidence adduced at his trial was insufficient to sustain his conviction because the state failed to prove that he had the requisite intent. When Banks was convicted, the offense "receiving stolen things" was defined as "the procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe ... [it was stolen]."[3]

■ As the Louisiana Supreme Court observed, a reasonable person could conclude beyond a reasonable doubt from the evidence adduced that Banks had good reason

---

1. *Wallace v. Turner,* 695 F.2d 545, 548 (11th Cir.1983); *White Hawk v. Solem,* 693 F.2d 825, 828 n. 5 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1505, 75 L.Ed.2d 934 (1983); *Sena v. Romero,* 617 F.2d 579, 581 (10th Cir. 1980); *Edwards v. Garrison,* 529 F.2d 1374, 1376 (4th Cir.1975), *cert. denied,* 424 U.S. 950, 96 S.Ct. 1421, 47 L.Ed.2d 355 (1975); *Roddy v. Black,* 516 F.2d 1380, 1385 (6th Cir.1975).

2. In some states, the prosecution's failure to adduce *any* competent evidence of guilt divests the trial court of jurisdiction. That situation not being now before us, we intimate no opinion concerning the constitutionality of accepting a guilty plea without evidence of guilt if that evidence is a prerequisite to the court's jurisdiction.

3. La.Rev.Stat.Ann. § 14:69 (West 1974).

to believe the car was stolen. Because receiving stolen property is a general-intent crime,[4] this imputed knowledge, combined with sufficient evidence that he engaged in one of the three proscribed acts voluntarily, is all that is required to establish the requisite intent.[5] In undertaking the voluntary-act component of the intent analysis, however, we find ourselves unable to determine from the record whether Banks's conviction was based on receiving or procuring the stolen car in Louisiana or on concealing the car in that state.

The Louisiana Supreme Court referred only to the generic offense, "receiving stolen things," which, under the statute, includes receipt, procurement, or concealment. The state trial court announced its finding of guilt by declaring, "I am constrained to find this man guilty of *possession* of stolen property." (Emphasis added.) We must assume that by "possession" the trial court referred to one of the enumerated acts, for it is unlikely that either state court would undo without explanation an earlier legislative amendment that specifically excluded from the statute the mere "having" of stolen property.[6]

Briefs submitted by the state to this court and to the district court that denied habeas relief assume that the conviction was based on voluntary *concealment.* We cannot say, however, that the state courts acted on this assumption. The briefs submitted to the Louisiana Supreme Court do not even suggest which of the proscribed acts was the basis for Banks's conviction. Our reluctance to impute the assumption to the state courts is intensified by our doubt that those courts would significantly alter their construction of the word "conceal" without explanation.[7]

Perhaps the record would support the conclusion that Banks's *receipt* of the car was voluntary. We are also reluctant to assign this basis to the conviction. In reviewing the record, we note but do not review the question whether the state proved the essential elements of this crime, particularly receipt of stolen property in Louisiana. Even if we assume this issue was raised inferentially before us, we cannot determine whether Banks has exhausted state remedies.[8]

■ Thus, uncertainty regarding which proscribed act constitutes the basis for Banks's conviction makes deciding the intent issue now inconsistent with policies of comity embraced by this court. We cannot attribute the conviction to one alternative without in effect changing substantive Louisiana law; we cannot attribute it to the other without implicating unexhausted state remedies. We shall therefore assume

4. *State v. Davis,* 371 So.2d 788, 790 (La.1979).

5. *State v. Elzie,* 343 So.2d 712, 714 (La.1977).

6. *See* La.Rev.Stat.Ann. § 14:69 reporter's comment (West 1974).

7. Prior to 1969, it was assumed that one could not conceal stolen property without hiding it. *Cf., State v. Ellerbe,* 217 La. 639, 47 So.2d 30, 31 (1950) (pigs are not concealed when kept in a pen open to public view). In *State v. Crum,* 255 La. 60, 229 So.2d 700, 701 (1969), the state supreme court explained that driving a stolen car on the streets of New Orleans can constitute concealment of the car if that "hinder[s] the owner in his search and investigation of [the car's] whereabouts." *Id.* 229 So.2d at 701 (quoting *Ellerbe*). That principle applied in *Crum* because the defendant had taken to New Orleans a car that had been stolen in another state: "The commingling of a stolen automobile with other vehicles on the public thorough-

fares of a city foreign to and removed from the owner is an effective hindrance to the owner's discovery of it." *Id.* Applying *Crum* to the operation of a car on the streets of the city in which it was stolen would appear to require redefining the term "conceal" to mean, in essence, "have." We decline to assume that the state courts did so implicitly.

8. In his state appeal and on habeas review, Banks challenged the sufficiency of the evidence regarding intent. Banks's argument to the state courts was limited to the knowledge component of general intent. His argument on habeas review is not so limited, but challenges intent wholly. This argument implicitly raises the question whether Banks voluntarily committed a proscribed act. If we assume Banks was convicted for receiving the automobile in the specific sense as well as the generic, we cannot determine whether the state supreme court decided this issue when it affirmed Banks's conviction.

that the Louisiana Supreme Court has not ruled on the voluntary act component of general intent, and vacate the district court's judgment with respect to intent, remanding that part of the petition for dismissal for failure to exhaust state remedies.

■ Following *Galtieri v. Wainwright,* 582 F.2d 348 (5th Cir.1978) (en banc), we proceed to review other aspects of the district court judgment, treating claims for which state remedies have been exhausted, notwithstanding our assumption that Banks has failed to exhaust state remedies for the insufficiency of evidence he alleges.

## IV.

■ Banks contends that the Louisiana Supreme Court erred in finding that the trial court's exclusion of certain hearsay testimony was harmless error. A state defendant has no constitutional right to an error-free trial. A federal habeas court may consider the propriety of state court evidentiary rulings only if there has been a constitutional infraction that renders the entire trial fundamentally unfair.[9] No such constitutional infraction occurred here. As the state supreme court observed, Banks's testimony was "so thoroughly impeached that what he told his family and friends about how he obtained the car should not have affected the court's judgment."[10]

■ Banks also contends that the state trial court erred in allowing the prosecution to cross-examine him concerning his prior convictions. When an accused takes the stand, he places his credibility in issue. Under Louisiana law, the credibility of a defendant who testifies may be impeached by any method permitted in cross-examining any other witness, including examination regarding prior convictions.[11] Therefore,

the trial court was correct in permitting the prosecutor to cross-examine Banks regarding his prior convictions.

## V.

Finally, Banks argues that the trial court erred in finding him a multiple offender, because the state failed to establish that he was the defendant who signed a guilty plea in one previous case and because both prior convictions were based on guilty pleas invalid under *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

■ In determining whether Banks had previously been convicted, it was not constitutional error to admit the testimony of a fingerprint expert to prove that Banks was the same person who had entered a prior guilty plea. While Banks contends that the expert lacked sufficient experience to qualify, the trial judge ruled otherwise. A trial court possesses broad discretion in ruling upon the qualifications of an expert.[12]

Banks was represented by counsel when he entered his plea of guilty to attempted simple burglary in January 1975. An "Acknowledgement of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty" was signed by both Banks and his attorney. This form contained an acknowledgement that Banks understood the three constitutional rights described in *Boykin* and that he was waiving them, the nature of the crime charged, and the consequences of his plea.

■ "[N]either the Constitution nor any rule of criminal procedure requires express articulation and specific waiver of [the three rights] before a guilty plea may be accepted."[13] It is necessary, however, that

---

9. *Trussell v. Estelle,* 699 F.2d 256, 259 (5th Cir.1983).

10. *State v. Banks,* 412 So.2d 1025 at 1027 (La. 1982).

11. La.Rev.Stat.Ann. § 15:462 (West 1981); *e.g., State v. Frentz,* 354 So.2d 1007, 1009 (La. 1978); La.Rev.Stat.Ann. § 15:495 (West 1981);

*e.g., State v. Willie,* 410 So.2d 1019, 1031 (La. 1982).

12. *See* La.Rev.Stat.Ann. § 15:466 (West 1981).

13. *Brown v. Jernigan,* 622 F.2d 914, 915 (5th Cir.), *cert. denied,* 449 U.S. 958, 101 S.Ct. 368, 66 L.Ed.2d 224 (1980).

the record show that the plea was intelligently and voluntarily made.[14] The record of Banks's state proceedings shows that this requirement was satisfied.

For these reasons the judgment is AFFIRMED IN PART AND, IN PART, VACATED AND REMANDED WITH DIRECTIONS TO DISMISS.

---

14. *McChesney v. Henderson*, 482 F.2d 1101, 1106 (5th Cir.1973), *cert. denied,* 414 U.S. 1146, 94 S.Ct. 901, 39 L.Ed.2d 102 (1974).