## JAKE THURMAN v. THE STATE.

### No. 1153.   Decided May 19th, 1897.

**1.   Receiving Stolen Property—Venue of the Prosecution.**

Under provision of Code Crim. Proc., Art. 237, there are only three characters of cases in which a receiver of stolen property can be convicted in a particular county. 1. In the county where the theft was committed. 2. In any county in which, or through which, the property was carried by the person stealing the same. 3. In the county where the stolen property was received.

**2.   Same—Distinction Between Receiving and Concealing.**

There is a distinction between the receiving and the concealing of stolen property. A party may be guilty of receiving, though he made no concealment of the property; but, a party cannot conceal property without having first received the same.

**3.   Same—Jurisdiction—Venue of the Prosecution—Charge.**

A charge of court is erroneous, which instructs the jury, that, if accused received the property in one county and brought it into another, that the latter county would have jurisdiction; and he could be prosecuted and convicted in said county. Art. 237, Code Crim Proc., does not so provide as to a receiver.

**4.   Charge of Court Where There is no Statement of Facts—Jurisdiction— Practice on Appeal.**

In the absence of a statement of facts, the court, on appeal, cannot assume that jurisdiction on some one of the statutory grounds was not abundantly shown by the proof; and, in such case, a charge authorizing the jury to find the fact of jurisdiction on an erroneous conception of law could not be availed of by defendant, as the presumption would be in favor of the correctness of the charge.

APPEAL from the District Court of Bosque.   Tried below before Hon. J. M. HALL.

Appeal from a conviction for receiving a stolen horse, knowing it to have been stolen; penalty, five years' imprisonment in the penitentiary.

No statement of facts in the record. The charge of the court, which is complained of for error, is set out in the opinion.

*Word, Dillard & Word,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

[No brief for the State found with the record.—Reporter.]

HENDERSON, Judge.—Appellant was convicted of receiving a stolen horse, knowing it to have been stolen, and appeals. There is no statement of facts in the record. The only objection here urged is as to the charge of the court. The charge complained of is as follows: "The court instructs you that if you believe from the evidence, beyond a reasonable doubt, that Jim Thurman, in the County of Hunt, State of Texas, about the time charged in the indictment, fraudulently took from the possession of J. F. Battle the animal named in the indictment, without the consent of said Battle, and with the fraudulent intent to deprive said Battle of the value of said animal, and with the intent to appropriate the same to the use and benefit of him (the said Thurman), and if you further believe from the evidence, beyond a reasonable doubt, that the defendant received said horse from said Thurman, knowing the same to have been fraudulently acquired as above explained, by said Jim Thurman, and that, after so receiving said horse (if you find he did so do), the defendant brought said horse into the County of Bosque, State of Texas, about the time charged in the indictment, then you will find the defendant guilty of receiving stolen property," etc. Appellant insists that the above charge states an erroneous proposition of law, giving jurisdiction of said offense to the County of Bosque on an assumed statement of facts, which does not authorize the prosecution of said offense in Bosque County. He insists that there are only three characters of cases in which a conviction can be legally had in a particular county for said offense of receiving stolen property: First, the receiver can be prosecuted in the county where the theft was committed; second, he can be prosecuted in any county in which or through which the property was carried by the person stealing the same; and, third, in the county where the stolen property was received. We have examined Art. 237, Code Crim. Proc., 1895, and, in our opinion, it is subject to the construction placed thereon by appellant. It will be noted that the charge of the court above quoted proceeds on that part of said count charging appellant with receiving said stolen horse, and is not a charge against him for concealing the same. The receiving and concealing are two distinct offenses; that is, a person may be guilty of receiving the stolen property, though he made no concealment thereof. It would be difficult, however, for him to conceal the stolen property without first having received the same. However, the charge of the

court, as above stated, does not treat appellant as having concealed the property, but charges, if he received the property in Hunt or some other county, and brought the property into Bosque County, then he would be guilty in said county; that is, that the latter county would have jurisdiction. The charge does not treat the property as having been brought into Bosque County by the thief, and there received by appellant, but it charges directly that said Bosque County would have jurisdiction if defendant received said property elsewhere, and brought it into Bosque County. Under the statute, we hold that this does not confer jurisdiction. It may be that such a contingency ought to have been provided for by the legislature, but it is a sufficient answer thereto to say that the statute does not so provide. If, in the second clause of said article, the legislature had provided for the prosecution of a receiver of stolen property in any county through which or into which he may have carried such property, then the jurisdiction could have been rightfully exercised in Bosque County, and the charge of the court would have been correct. But the language used is not in any other county through or into which the property may have been carried by the receiver, but by the person stealing the same. The charge does not proceed on the idea that the original taker carried the property into Bosque County, and there appellant received the same, but upon the idea that appellant received said property elsewhere, and carried it into Bosque County. While these observations indicate that the court misconceived the law on the question of jurisdiction, yet, as stated before, we have no statement of facts before us, and, for aught we know, the statement of facts shows unquestionably jurisdiction of this offense in the County of Bosque. For instance, appellant may have received said horse in said County of Bosque, notwithstanding the charge of the court was predicated upon the idea that he received said property elsewhere, and carried it into Bosque County. He may have concealed the horse in Bosque County (which would give that county jurisdiction), or the thief may have brought said horse into or through said county. That is, in the absence of a statement of facts, we cannot assume that jurisdiction, on some one of the grounds provided for in the statute, was not abundantly shown by the proof; and in such case a charge authorizing the jury to find the fact of jurisdiction on an erroneous conception of law would not prejudice appellant. In order to have availed himself of the objection urged to the charge, the bill of exceptions should have shown the state of proof as to the question of venue; and if the proof only showed venue, under the conditions as presented in the charge complained of, then appellant's contention might have some force. In the absence of such a bill of exceptions, however, we will presume that the proof showed venue on some of the grounds outlined in the statute. There being no errors in the record, the judgment is affirmed.

*Affirmed.*