R. T. Harrod v. The State.

No. 7177.   Decided January 17, 1923.

Rehearing Denied February 28, 1923.

**1.—Theft—Bill of Exceptions—Question and Answer Form.**

Where the bill of exceptions was open to the objection that it is in question and answer form, and besides the objection appeared to have been made to the enumeration of a number of detailed matters, stated as a means of identifying the car, there was no error in overruling same.

**2.—Same—Bill of Exceptions—Practice on Appeal.**

Where the basis of the objection seems to be that the matter objected to transpired out of the presence and hearing of the defendant, and there was nothing in the bill showing that the matters did not transpire in his presence, and besides the bill of exception was not in proper form, there is no reversible error.

**2.—Same—Evidence—Identification—Special Number.**

Upon trial of theft of an automobile of the value of over fifty dollars, there was no error in admitting testimony that on the car in question, in addition to the numbers ordinarily appearing thereon, there was a special number upon the frame of the car placed there by the dealer of the same by which it could be identified.

**3.—Same—Bill of Exceptions—Question and Answer.**

Where the bill of exceptions was in question and answer form and it was utterly impossible to tell from such a bill a part of the questions which were admissible, the same could not be considered on appeal.

**4.—Same—Bill of Exceptions—Practice in Trial Court—Rule Stated.**

The rule is that testimony may be introduced at the discretion of the trial court at any time before the conclusion of argument, and where the testimony involved was material, there was no error in permitting it to be introduced after both sides had rested.

**5.—Same—Rehearing—Number of Car—Hearsay Not Harmful, When.**

This court regards the matter as to the secret serial number of the car as of no importance, even if the bills of exception were in condition to be considered, as the mere fact of hearsay testimony does not necessitate a reversal unless it be harmful.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable George E. Hosey.

Appeal from a conviction of theft of over fifty dollars; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Mays & Mays,* and *F. M. Chaney,* and *H. P. Shead,* for appellant. On question of identification of car, Anderson v. State, 14 Texas Crim. App., 49; Elkins v. State, 57 Texas Crim. Rep., 247; Crispi v. State, 237 S. W. Rep., 263.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Tarrant County of the theft of property of the value of more than fifty dollars and his punishment fixed at four years in the penitentiary.

The property in question was an automobile. The alleged owner and his wife testified, and in many ways identified the car in question which they said had been owned by them about six months prior to its disappearance, which event occurred about two weeks before it was found in possession of appellant. Appellant and his witnesses claimed the car as being his property, and as having been purchased by him some two or three months prior to the date it was claimed by the alleged owner. The property was taken in Fort Worth and found in appellant's possession in said city. It was claimed by him that he bought the car in or near Ranger, Texas about the time above indicated.

Appellant has six bills of exceptions. The first bill is open to the objection that is in question and answer form. The last objection among several set out in said bill appears to have been made to the enumeration of a number of detailed matters stated as means of identifying the car by the alleged owner. It would need no argument to make it apparent that such an objection would not be tenable. The more in detail such matters of identification were stated, in a case where the ownership might be contested, the stronger would appear to be the evidence establishing ownership in the party able to point out and detail such varied matters of identification.

The objection made by appellant to the testimony, which is set forth in the second bill of exceptions, can not be appraised by us because the basis of the objection seems to be that the matter objected to transpired out of the presence and hearing of the accused and there is

nothing in the bill which bears out the proposition that the matters so testified about were not in the presence and hearing of accused. It is not sufficient in a bill of exception to state facts as grounds of an objection. In order to make such bill sufficient there must be such recitation of facts as will amount to a verification of the truth of the grounds of such objection. We have often held that the mere statement of facts in setting forth the grounds of an objection is not tantamount to a verification of their truth.

Appellant's third bill of exceptions is taken to the testimony of a Mr. Yates who had issued an insurance policy upon a car belonging to the prosecuting witness, and claimed by the State to be the car in question. It is made to appear that on the car in question, in addition to the numbers ordinarily appearing upon the engine and motor, there was a special number upon the frame which was claimed by the State and testified to by a witness, to have been placed there by the dealer who sold the car to the prosecuting witness originally. The witness Yates was asked by the State if in giving him a description of the car at the time he issued the insurance policy to the prosecuting witness, as part of said description any special number of said car was given him. The objection seems to be upon the ground that it was out of the presence and hearing of appellant and that it was as to a matter furnished the witness by the alleged owner of the car and was hearsay. We do not think the evidence open to the objection made. The point at issue was the identity of the car found in possession of appellant with that bought from the dealer by prosecuting witness. Upon the frame of the car found in possession of appellant appeared the number "99." It was in testimony by an employee of the dealer who sold the car to prosecuting witness, that part of his duties was to stamp with a stencil upon the frame of all new cars in the possession of his employer a special number; and he further stated that beginning with number "49" he stenciled special numbers upon the frame of a consignment of cars and upon the frame of one of them he stenciled the number "99." The dealer testified that he sold a car of the same make as that found in possession of appellant to prosecuting witness, and that it had stenciled on the frame the number "99." That the description of the car given by the alleged owner to Mr. Yates in taking out an insurance policy embraced the fact that said car had upon its frame the special number "99" would not seem to be hurtful to appellant.

The fourth bill of exceptions is also subject to the objection that it is solely in question and answer form. It is utterly impossible for us to tell from such a bill, a part of the questions appearing in which are admissible and not subject to any objection, and there being a number of grouped objections at the end of such bill, just which one of said questions such grouped objection is directed at. The last question appearing in the bill is:

"Where was this number?" to which the witness replied "On the

front frame cross member underneath the radiator, on the left hand side of the radiator."

· This question would not be in any way objectionable and the bill shows no error.

Appellant's bill of exceptions number five is subject to the same objection that it was in question and answer form. Said bill is a repetition of bill number three and contains the identical objection to the testimony of the witness Yates which we have above discussed.

The sixth bill of exceptions is to the action of the court in permitting the testimony to be reopened after both sides had rested, and then allowing the State to introduce two witnesses who testified that the signatures to a bill of sale claimed by appellant to be the bill of sale made to him by the party from whom he purchased the car in question, was identical in handwriting with the same name which had been written by appellant on a piece of paper in the presence of the jury at the request of State's counsel. The rule is that testimony may be introduced at the discretion of the trial court at any time before the conclusion of argument. The matter involved in this testimony was very material. Appellant claimed to have bought the car in question. He introduced in evidence a bill of sale, evidencing the acquisition of said car from one I. C. Lewis. The fact that the handwriting of the signature upon said bill of sale was that of appellant himself was material testimony on behalf of the State. We see no abuse of his discretion on the part of the trial court in permitting said testimony.

There is no complaint of the charge of the court and the testimony seems to amply support the verdict.

Finding no error, an affirmance is ordered.

*Affirmed.*

ON REHEARING

February 28, 1923.

LATTIMORE, JUDGE.—Appellant insists that we erred in not considering his bills of exception Nos. 2 and 5. From his argument in the motion we conclude that he meant to refer to his bill of exceptions No. 3 rather than No. 2. We have again examined said bills in the light of his insistence but are unable to conclude them not violative of the inhibition against presenting bills of exception here in purely question and answer form. Both of said bills relate to the same matter. The principal issue in the case was that of the identity of the car found in possession of appellant, with the one lost by Mr. Payne. Mr. Payne bought a new Ford roadster from Fred H. Jones, the Ford dealer in Fort Worth, in June 1921. Mr. Jones had a custom of stencilling a secret serial number on all new cars received and sold by him. The salesman who sold to Mr. Payne the car bought in June 1921, said it carried upon its frame the number 99 stencilled there. Another employee of Mr. Jones testified that with a hammer and an iron stencil

he placed upon the frame of a new car the secret number 99. On the frame of the car found in possession of appellant was found the number 99. The employee of Mr. Jones who placed said number there, examined the car and said it was the one upon which he had placed said number while in possession of Mr. Jones and before it was sold to Mr. Payne. The matter referred to in the two bills of exception forming the basis of this motion for rehearing, was some statement made by Mr. Payne to Mr. Yates about the secret serial number on said car. We regard the matter as of no importance even if the bills of exception were in condition to be considered. The mere fact that hearsay testimony is admitted does not necessitate a reversal of the case. It must be harmful. The matter stated by Mr. Yates was of no materiality.

The motion for rehearing will be overruled.

*Overruled.*