**Charles COZBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47468.**

Court of Criminal Appeals of Texas.

March 13, 1974.

Rehearing Denied March 27, 1974.

Nelson Quinn, Abilene, for appellant.

Ed Paynter, Dist. Atty., Billy John Edwards, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of "receiving and concealing" stolen property. The jury assessed punishment at five years.

The indictment charged that

" . . . Charles Cozby did then and there unlawfully and fraudulently re-

ceive from person or persons unknown and did fraudulently conceal certain corporeal personal property, to wit: a 1971 Ford automobile, the same being the corporeal personal property of Ralph Brandon and the same being of the value, then and there, of over Fifty Dollars; which said property had been theretofore acquired by another in such manner as that the acquisition thereof comes within the meaning of the term theft; and the said Charles Cozby then and there received and concealed the said property, knowing the same to have been so acquired, . . ."

The sufficiency of the evidence is unchallenged.

However, a brief recitation of the facts is necessary to an understanding of the case. In the summer of 1971, appellant sold a red and white 1971 Ford LTD to H. M. Bagwell, a car dealer in Ranger, who in turn sold the vehicle to Mrs. Kenneth W. Jameson. The appellant furnished Bagwell a manufacturer's certificate of origin bearing the vehicle identification number (hereinafter referred to as VIN) 121 861 which described the vehicle as a 1971 Ford LTD, tudor hardtop. In March, 1972, the vehicle was stolen from Mrs. Jameson and later was found in a Dublin salvage yard belonging to J. M. Bagley. The body of the vehicle was later moved from the yard by the appellant and a co-worker. The appellant also sold Bagwell several salvage automobile parts when he sold the vehicle. The record shows that the appellant had also purchased a wrecked 1971 green and white Ford LTD from Arrow Ford Company in Abilene. Arrow Ford Company had provided the appellant with a manufacturer's certificate of origin, the one he later gave to Bagwell with the red and white Ford LTD.

A search of Bagley's salvage yard produced several parts which, though bearing VIN 245 853, were proven to be from the same 1971 red and white Ford LTD which was shown to have been stolen from Mrs.

Jameson and which further testimony showed had originally been stolen from Arrendale Ford Company in Arlington. Officer Harold Eavenson of the Department of Public Safety testified that a 1971 green and white Ford LTD with metal dealer's tags belonging to Cozby Motors was recovered from a parking lot of the Abilene North Apartments. Investigation revealed that the car consisted of halves of two automobiles welded together. The rear half of the vehicle was from the green and white Ford LTD bearing VIN 121 861 in a confidential place on the rear and was the same vehicle which the appellant had purchased from Arrow Ford. The front half of the vehicle was from another green and white Ford LTD with VIN 174 722 which the appellant had acquired from Odis Cole Motors. The VIN on the dash of the recovered vehicle was the same as that on the manufacturer's certificate of origin which the appellant had given Bagwell when he sold him the 1971 red and white Ford LTD. This was the same certificate which actually belonged to the wrecked 1971 green and white Ford LTD that the appellant had purchased from Arrow Ford.

■ Initially, the appellant contends that the trial court erred in admitting certain testimony of the witness Bagwell. He argues that the complained of testimony was hearsay. Specifically, he complains of the following statement:

"Well, along about that time is when a lot of trouble in Abilene came up over stolen cars, and there was a remark or two that I might have bought a red stolen Ford."

The record reflects that the appellant's objection to the statement was sustained and the jury was instructed to disregard. His motion for mistrial was overruled. We hold that the testimony was not so harmful that it could not be cured by the court's instruction. See Barnes v. State, Tex.Cr.App., 502 S.W.2d 738 (1973).

■ Next, the appellant contends that reversible error was committed when the trial court allowed Officer Eavenson to testify, over objection, that he had run a stolen car report on the 1971 red and white Ford LTD, and that the vehicle had been reported as stolen.

This evidence was already before the jury by Mrs. Jameson who had testified earlier in the trial that this same vehicle had been stolen from her in March of 1972. The mere fact that hearsay testimony is admitted does not necessitate a reversal of the case. It must be harmful. Harrod v. State, 93 Tex.Cr.R. 518, 247 S.W. 1091. No harm is shown.

In several grounds of error, the appellant complains of the trial court's permitting the witnesses Ralph Brandon and C. C. Benson to testify from business records not introduced into evidence. He argues that the best evidence rule requires an introduction of the records into evidence.

■ Brandon testified from business records of Arrendale Ford Company, while Benson testified from business records of the National Auto Theft Bureau of Dallas. Both men testified that they were the custodian of the respective records from which they were testifying and that such records were prepared by them or by someone under their immediate supervision in the regular course of business. The testimony of the two witnesses in essence was that the 1971 red and white Ford LTD received by the appellant was a stolen vehicle. While the business records themselves were not introduced, appellant repeatedly objected to the witnesses testifying therefrom and requested that the records themselves be introduced. He relies on 2 McCormick & Ray, Texas Practice, Evidence, Section 1566, where it states:

"The rule requiring the production of the original writing applies only where the purpose of the evidence offered is to prove the contents of the document, for it is only in such cases that the principal danger, that of inaccurate transmission of the terms of the writing, exists. . . . ." Page 409,

and,

". . . If the proof of the facts is sought to be made by showing the contents of the books and records, the present rule applies, and the original books and records themselves must be produced or accounted for . . . ." Pages 411–412.

The record reflects that the witnesses read from the business records as they testified. There is no request in the record by appellant's counsel to inspect the records. The present case is not unlike that of Moreno v. State, 170 Tex.Cr.R. 410, 341 S.W.2d 455, wherein this Court held that it was proper in a prosecution for possession of heroin to allow a chemist to refer to his record upon testifying that he did not have an independent recollection of the analysis without referring to such record. Here, both witnesses were testifying to a vehicle description to include the vehicle identification numbers.

Further, in Ginn v. State, Tex.Cr.App., 439 S.W.2d 840, we held that the act of an arresting officer in using a traffic ticket to refresh his memory as to certain details concerning Ginn's age and description was proper where no request was made to inspect the ticket which was not introduced into evidence. We also held that reading from the ticket did not constitute improper bolstering of testimony.

Here, as in Ginn, no request was made by counsel to inspect the business records from which the witnesses were testifying. The business records were produced and accounted for, they were available if counsel had requested to inspect them. The rule requiring production was complied with and any doubt as to the accuracy could have been resolved by counsel's inspection. The rule quoted does not require that the original books and records be introduced.

Other evidence shows that the vehicles were stolen. This testimony does not connect the appellant with the crime. No reversible error is shown.

■ Appellant next contends that the trial court committed reversible error in refusing his requested charge on the affirmative defense of "good faith" purchase. The appellant testified that he bought the car and paid full value for it not knowing that it was stolen.

The trial court submitted the following instruction to the jury:

"Even though you should find and believe from the evidence beyond a reasonable doubt that the Defendant received from person or persons unknown property described in the indictment of the value of over Fifty Dollars, yet you cannot convict the Defendant unless you further find and believe from the evidence, beyond a reasonable doubt, that, at the time he so received said property, if he did, *the Defendant received the same fraudulently,* with the intent to appropriate said property to his own use and benefit and to deprive the owner of the value thereof, *and that the Defendant then knew that the same had theretofore been stolen,* and if you have a reasonable doubt as to whether the Defendant received such property fraudulently, or as to whether the Defendant knew at the time he received the same, if he did, that such property had theretofore been stolen, then you will acquit the Defendant." (Emphasis supplied)

Appellant requested the following charge:

"You are further instructed that if you believe from the evidence that the Defendant, Charles Cozby, purchased the red '71 Ford LTD, in good faith, if you have so found, from the said Ray Woods and paid valuable consideration for the purchase of said automobile then you will say by your verdict 'Not Guilty'; or if you have a reasonable doubt thereof, you will acquit the Defendant."

The State relies upon Collins v. State, 39 Tex.Cr.R. 441, 46 S.W. 933 (1898), which apparently supports its contention. However, without expressly doing so, this Court has overruled Collins in Harris v. State, 57 S.W. 833 (1900), and Littlejohn v. State, 122 Tex.Cr.R. 552, 56 S.W.2d 876. The applicable rule is that if the defensive theory is purchase in good faith, then the defendant is entitled to an affirmative charge on this defense; it is only necessary to charge the jury that if he purchased the property in good faith or if there is a reasonable doubt that he so purchased it, he should be acquitted. 5 Branch's Ann.P.C.2d, Section 2725, page 171, and cases cited therein.[1]

The court erred in refusing to submit a charge to the jury on good faith purchase.

■ The appellant raises an additional complaint about the charge. He argues that it was also error to refuse his requested charge on explanation of recent possession of the stolen property. No explanation was made until the time of the trial.

---

1. The appellant also argues that his defense of "good faith" purchase is further substantiated by the evidence in that at no time does the evidence show that he concealed the vehicles involved. He contends that aside from the fact that even though the evidence shows that he received the stolen property, it does not show that he concealed same and, therefore, it would appear that he is concurrently arguing that there is a fatal variance between the evidence and the proof.

It is immaterial that the appellant did not conceal the stolen property. Article 1430, Vernon's Ann.P.C., in part, reads:

"Whosoever shall receive *or* conceal property. . . . " (Emphasis supplied)

The receiving and concealing are two distinct offenses; that is, a person may be guilty of receiving the stolen property, though he made no concealment thereof. It would be difficult, however, for him to conceal the stolen property without first having received it. Thurman v. State, 37 Tex.Cr.R. 646, 40 S.W. 795. Cf. Bloch v. State, 81 Tex.Cr.R. 1, 193 S.W. 303. See also Bradshaw v. State, Tex.Cr.App., 482 S.W.2d 233.

No such charge was required. Possession of property recently stolen is a circumstance only; therefore, it is no more necessary to single out and charge on the circumstance of such possession than it would be to single out and charge on the circumstance of flight or motive. Nor does the fact that an explanation of such possession is in evidence require a charge on the subject of possession and explanation. An explanation is of no consequence to either side unless it involves some defense; hence, an affirmative charge on the defense involved in the explanation is all that is required and is the safest and fairest way of submitting the issue to the jury. See 5 Branch's Ann.P.C.2d, Section 2652, page 101, and cases cited therein.

Finally, the appellant contends that the trial court erred in not granting his motion for mistrial near the conclusion of the prosecutor's argument at the punishment stage of the trial. He argues that the prosecutor's argument implied that the appellant had been in other trouble besides the case being prosecuted and should, therefore, serve some time in the penitentiary rather than receive probation.

The appellant sets out the complained of argument in his brief as follows:

"I think from the cross examination of Mr. Thomas, that it just doesn't need to be a whole lot clearer. That is why I am asking you not to grant a probated sentence in this case but to assess this man a penitentiary sentence, because this case, even a two year penitentiary sentence would be more than a ten year probated sentence. * * * I think the facts of this case and what you know about this case and what you know about this Defendant now demands a penitentiary sentence as a proper punishment for what he has done."

We have examined the record and find that the prosecutor's remarks are a reasonable deduction from the evidence as well as a legitimate plea for law enforcement.

For the failure to instruct the jury to acquit if the appellant purchased the car in good faith, the judgment is reversed and the cause is remanded.