**Archie WILLIAMS, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 48265–48271.**

Court of Criminal Appeals of Texas.

April 17, 1974.

Michael L. Morrow, Dallas, for appellant.

Henry Wade, Dist. Atty., and Richard W. Wilhelm, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

QUENTIN KEITH, Commissioner.

Seven separate indictments charging the sale of heroin upon different dates were returned against appellant. The cases were tried together; the jury returned seven verdicts of guilty, and the trial judge fixed the punishment at forty-five years in each case. We review a single record and all of the grounds of error, save one, are common to each appeal.

In the first ground of error, appellant contends that there was insufficient evidence to show that the material purchased from appellant was heroin.

Officer G. D. Womack, a young rookie policeman assigned as an undercover agent, testified that he purchased what was represented as heroin from appellant on seven different occasions during March and April of 1972. All of the purchases were made in an area of Dallas at places variously described as Gussie's Lounge, Gold Room Lounge (also known as "Grand Station"), Hilltop Lounge, etc. In each instance Womack was positive in his testimony as to the purchase of the pills from appellant and his testimony comes to us without objection.

A proper showing was made of the chain of custody of the material so purchased by Womack; and, again, there is no complaint as to this facet of the case. Louie Anderson, a chemist for the Criminal Investigation Laboratory, testified that he was custodian of the records and identified each of the seven exhibits representing the seven separate purchases from appellant. Reading from his office records, without any objection on the part of appellant, An-

·derson testified that heroin was found in each of the exhibits. He was asked specifically about all of the exhibits by number except State's Exhibit No. 3 [forming the basis of the appeal in our No. 48,267], and testified unequivocally that each exhibit contained heroin. He was not asked specifically about Exhibit No. 3, but, at the conclusion of his testimony, State's counsel asked:

"Q. . . . You have testified, then, that *in all seven exhibits* one of the substances inside of the pills that were analyzed was heroin? Is that correct? [emphasis ours]

"A. Yes, sir."

Immediately thereafter, the State offered "into evidence State's Exhibits Nos. 1, 2, 3, 4, 5, 6, and 7" and appellant's counsel stated: "We have no objection."

■ The thrust of the argument under ground one is that Anderson, although a chemist and qualified to make the analyses of the exhibits, did not actually perform the various tests to determine the chemical content of the pills. Instead, each exhibit was turned over to Dr. Mason who performed the tests and determined the chemical composition thereof. Anderson testified that he was custodian of the records and that they were records regularly kept in the course of business of the laboratory. The records were not offered in evidence; Anderson simply read the information thereon into the record, without objection on the part of appellant.

Appellant, citing several cases by this Court, contends that this constituted hearsay evidence. He also relies upon Coulter v. State, 494 S.W.2d 876 (Tex.Cr. App.1973), but he misapprehends the holding in Coulter. The cited case was reversed because of the introduction of a hearsay declaration or statement found on State's Exhibit No. 2, a "lock-sealing envelope," showing where and when the material was procured, by whom, and for what consideration. This statement, signed by two treasury agents, said that the contents of the tobacco can were "suspected marihuana."

After carefully reviewing the pertinent statutes and decisions, a unanimous court held that the evidence so tendered by Exhibit No. 2 was hearsay. Immediately thereafter, however, careful consideration was given to the admissibility of the other exhibits found in the record, including the laboratory reports of the chemical analyses of the contents of the tobacco cans. It was then held that such evidence was properly received under the Business Records Act, Art. 3737e, Vernon's Ann.Civ.St. Thus, the witness "could properly use them as a basis for his opinion and testimony." (494 S.W.2d at 884). This is precisely what Anderson did in this case.

The proper predicate having been laid for the admission of the records from the laboratory, such would have been admissible in evidence had they been tendered. Lawless v. State, 495 S.W.2d 241, 242 (Tex.Cir.App.1973), citing Coulter, supra. It was apparent to all participating in the trial that Anderson was reading from the laboratory reports which he had identified. Appellant made no objection to this method of introducing the evidence, did not ask leave to examine the reports, nor did he make any objection to the failure to introduce the reports. Thus, no error is shown in admitting Anderson's testimony. Cozby v. State, 506 S.W.2d 589 (Tex.Cr.App., decided March 13, 1974); Whitfield v. State, 492 S.W.2d 502, 505 (Tex.Cr.App.1973). Ground one, being without merit, is overruled.

■ We have set out the factual basis of the complaint in the ninth ground of error, which is applicable only as to Cause No. 48,267—the failure of State's counsel to ask of the witness Anderson the specific question as to State's Exhibit 3—Did the pills contain heroin?

Without objection, Anderson testified that the pills forming the basis of each of

the seven exhibits (including Exhibit No. 3) contained heroin. Appellant made no objection and did not cross-examine the witness thereon. Ground nine reveals no error and is overruled.

There is a fatal deficiency common to each of grounds of error numbers two through eight: Appellant made no objection to the cross-examination, to the charge, or to the jury arguments he now complain of in these grounds. Instead, each ground begins: "The trial court committed fundamental error because . . ."

Appellant has made no attempt to show that he did not have sufficient time or opportunity to object at the time the evidence was offered or the argument was made.[1] Having made no objection at the time, any error in admitting the testimony has been waived;[2] because, upon many occasions, this Court has held that failure to object when evidence is offered precludes review.[3]

It is equally clear that where no objections are made to the court's charge, the failure to include therein a limiting instruction on the consideration of evidence of extraneous offenses presents no error.[4]

In the absence of a specific and timely objection to the court's charge, an error therein will be considered as fundamental error "only in those cases where the erroneous charge goes to the basis of the case and is contrary to and fails to state the law under which the accused is prosecuted." Bellah v. State, 415 S.W.2d 418, 421 (Tex.Cr.App.1967). See also, Cleaver v. State, 498 S.W.2d 945, 948 (Tex.Cr.App.1973). The failure to include a charge limiting consideration of testimony of extraneous transactions is not fundamental error.

Notwithstanding the failure of appellant to present the alleged errors in accordance with the statute, our review of the complaints does not reflect reversible error.

The judgment of the trial court is affirmed.

Opinion approved by the Court.

1. Brown v. State, 460 S.W.2d 925, 927 (Tex. Cr.App.1970).

2. Lopez v. State, 468 S.W.2d 365, 367 (Tex. Cr.App.1971).

3. See, e. g., Palmer v. State, 475 S.W.2d 797, 799–800 (Tex.Cr.App.1972); Washington v. State, 500 S.W.2d 485 (Tex.Cr.App.1973).

4. Martin v. State, 489 S.W.2d 282 (Tex.Cr. App.1973); Cyrus v. State, 500 S.W.2d 656 (Tex.Cr.App.1973).