NUMBER 13-04-00164-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

ARTURO CHAVEZ HERNANDEZ,                                                    Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

    On appeal from the 105th District Court of Kleberg County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez 

                         Memorandum
Opinion by Justice Hinojosa

 

On September 7, 1989, pursuant to a plea agreement,
appellant, Arturo Chavez Hernandez, pleaded guilty to the offense of possession
of a controlled substance.  In accordance
with the plea agreement, the trial court (1) assessed appellant=s punishment at ten years= imprisonment and a $3,000 fine, (2) suspended the
prison sentence, and (3) placed him on community supervision for ten years.








On February 9, 1999, the State filed a motion to
revoke appellant=s community supervision, alleging various
violations.  Appellant pleaded Anot true@ to all of the 
allegations.  After an evidentiary
hearing, the trial court (1) found appellant had violated several conditions of
his community supervision, (2) revoked appellant=s
community supervision, and (3) assessed his punishment at ten years= imprisonment. 
The trial court has certified that this is not a plea bargain case, and
the defendant has the right of appeal.  See
Tex. R. App. P. 25.2(a)(2).  By six points of errors, appellant contends
the trial court abused its discretion in revoking his community supervision
because (1) the rehearing of a motion to revoke is barred by double jeopardy,
(2) the State failed to provide fair notice of the violation alleged in ACount 7,@ and (3) the trial court improperly admitted hearsay
evidence.  We affirm.

As this is a memorandum opinion not designated for
publication and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of our decision and the
basic reasons for it.  See Tex. R. App. P. 47.4.

                                                        A.  Double
Jeopardy

In his first point of error, appellant contends that
because the motion to revoke community supervision was originally heard and
granted by the trial court, reversed and remanded by this Court, see
Hernandez v. State, 55 S.W.3d 701 (Tex. App.BCorpus
Christi 2001, pet. granted) (AHernandez I@), and affirmed by the Court of Criminal Appeals, see
Hernandez v. State, 116 S.W.3d 26 (Tex. Crim. App. 2003), the trial court=s rehearing of the same motion to revoke constitutes
double jeopardy.








Generally, double jeopardy does not attach when a
case is reversed by an appellate court because of trial error.  Deason v. State, 786 S.W.2d 711, 718
(Tex. Crim. App. 1990); Franklin v. State, 693 S.W.2d 420, 432 (Tex.
Crim. App. 1985).  Distinguishing
reversal for trial error as opposed to reversal for evidentiary insufficiency,
the United States Supreme Court has stated that the former

does not constitute a decision to the effect that
the government has failed to prove its case . . . it is a determination that a
defendant has been convicted through a judicial process which is defective in
some fundamental respect. . . .  When
this occurs, the accused has a strong interest in obtaining a fair readjudication
of his guilt free from error, just as society maintains a valid concern for
insuring that the guilty are punished.

 

Burks v. United States, 437 U.S. 1, 98 (1978); see also Ex parte Duran,
581 S.W.2d 683 (Tex. Crim. App. 1979).  

Because the basis of our reversal in Hernandez I
was due to trial error, i.e., the erroneous admission of evidence, see
Hernandez, 55 S.W.3d at 706, the rehearing of the motion to revoke
was not barred by double jeopardy. 
Appellant=s first point of error is overruled.

                                         B.  Admission
of Hearsay Evidence

In his fifth point of error, appellant contends the
trial court abused its discretion in revoking appellant=s community supervision because it erroneously
admitted hearsay evidence regarding Count 10 of the motion which alleged that
he failed to report to his community supervision officer.  Specifically, appellant asserts the State
failed to lay any predicate that a document in his community supervision file
qualified under the business records exception. 
We review a trial court's decision to admit evidence under an abuse of
discretion standard.  Allen v. State, 108
S.W.3d 281, 285 (Tex. Crim. App. 2003).








Michelle James, a case worker/special services
supervisor with the Kleberg County Community Supervision and Corrections
Department, testified she was familiar with appellant=s community supervision, reporting, and conditions
of community supervision because she supervised appellant=s case when she began with the department in May
1994.   James said she supervises the
indirect case worker unit.  She is
responsible for the Apaper trail@ of individuals placed on community
supervision.  When a case is transferred
to an individual=s county of residence, her role is to (1) request
progress reports, (2) submit request response forms for specific conditions of
supervision, and (3) contact the community supervision officer by telephone and
request verbal progress reports.  James
testified that appellant=s case was transferred to Willacy County on March 7,
1995.

Early in her testimony, James referred to appellant=s community supervision file to answer certain
questions.  She testified that the file
was a record that was kept in the regular course of business at the Kleberg
County Community Supervision and Corrections Department.  When asked if appellant had reported to his
community supervision officer as directed for the months of August, September,
and October, 1996, James referred to documented correspondence in appellant=s community supervision file.  She testified that she received a progress
report from the Willacy County community supervision officer who was
supervising appellant at the time, indicating that appellant had failed to
report during those three months. 
Appellant objected on the grounds that the testimony consisted of
hearsay matters not within the record, but the trial court overruled appellant=s objection.








A community supervision record has probative value
in a revocation proceeding and constitutes evidence of facts or non‑facts
recited in the record.  Hardman v.
State, 614 S.W.2d 123, 128 (Tex. Crim. App. 1981).  If a witness testifies that the records were
kept in the regular course of business, and the officers who made the entries
did have personal knowledge of the facts, the proper predicate has been laid
and the witness can testify from the community supervision record. Simmons
v. State, 564 S.W.2d 769, 770 (Tex. Crim. App. 1978).  In this case, the State laid the proper
predicate.

Moreover, the file does not have to be physically
introduced into evidence, but can be read into evidence.  Lumpkin v. State, 524 S.W.2d 302, 304
(Tex. Crim. App. 1975); Williams v. State, 508 S.W.2d 83, 85 (Tex. Crim.
App. 1974).  When it is obvious that the
witness is testifying from the record, the rule requiring production of the
record is complied with if the record is produced and accounted for and
available for defendant's counsel.  Alvarez
v. State, 508 S.W.2d 100, 102 (Tex. Crim. App. 1974); Cozby v. State,
506 S.W.2d 589, 591 (Tex. Crim. App. 1974). 
Accordingly, we conclude the trial court did not abuse its discretion in
overruling appellant=s hearsay objection.

We hold the trial court did not abuse its discretion
in revoking appellant=s community supervision because he failed to report
to his community supervision officer as directed.  Appellant=s
fifth point of error is overruled.

                                          C.  Failure
to Provide Fair Notice








In his second point of error, appellant contends the
trial court abused its discretion in revoking his community supervision because
it failed to require the State to provide fair notice of the violation
contained in Count 7 of the motion to revoke. 
Because we have held the trial court did not abuse its discretion in
revoking appellant=s community supervision because he failed to report
to his community supervision officer, we need not consider appellant's second
point of error.   See Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) (violation of any one
condition is sufficient to support trial court's decision to revoke appellant's
community supervision).  For the same
reason, we find it unnecessary to address appellant=s remaining points of error.  See Tex.
R. App. P. 47.1.

              
We affirm the trial court=s order granting the State=s motion to revoke appellant=s community supervision.

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
21st day of July, 2005.